■ In the Matter of the Arbitration between NEW HAMPSHIRE INSURANCE COMPANY, Appellant, and UTILITIES MUTUAL INSURANCE COMPANY, Respondent. (And Another Related Proceeding.)—Yesawich, Jr., J. Appeal from an order of the Supreme Court (Cobb, J.), entered May 21, 1986 in Albany County, which partially granted petitioner's application pursuant to CPLR 7511 to vacate an arbitration award.

This litigation arises out of an accident that occurred when a truck crane, owned by Utility Equipment Leasing Corporation, leased by Gallagher Equipment and Leasing Company and operated by Reuben-Siegfried Chauffeurs, struck a Niagara Mohawk Power Corporation building causing an explosion which, among other things, put Grady McClaney, who was engaged in the course of his employment for Niagara Mohawk, into a coma. Respondent, who was Niagara Mohawk's workers' compensation carrier, paid McClaney $147,084.23 in benefits. McClaney, by his guardian ad litem, commenced a personal injury action in Federal court against Utility Equipment, Gallagher and Reuben-Siegfried; Niagara Mohawk was impleaded and the action was settled during trial for over $4 million. As part of the open-court settlement stipulation, Niagara Mohawk waived "the lien for compensation and medical payments, and expenses of all types to date incurred or obligated to date".

Thereafter, respondent initiated a loss transfer arbitration proceeding seeking reimbursement pursuant to Insurance Law § 5105 (b) of $50,000 of compensation benefits paid to McClaney from the no-fault carriers of Utility Equipment, Gallagher

and Reuben-Siegfried *(see,* Workers' Compensation Law § 29 [1-a]). The arbitration panel ruled that respondent was entitled to recover the $50,000 only from petitioner, who was Gallagher's no-fault carrier. Petitioner opposed the arbitration primarily on the ground that respondent had waived any right to recoupment in the stipulation that led to settlement of McClaney's personal injury action and hence the arbitrators lacked jurisdiction to hear the matter. Respondent maintained that recoupment was not barred by the settlement for both by the language of the stipulation and by Workers' Compensation Law § 29 (1-a) it had no lien it could waive on the proceeds of any recovery for compensation benefits paid in lieu of the first $50,000 of no-fault benefits. In the instant application pursuant to CPLR 7511 to vacate the arbitration award, petitioner again raised and Supreme Court rejected the argument that petitioner had made before the arbitrators, but Supreme Court remanded the matter because of the arbitrators' failure to comply with the procedural requirements of 11 NYCRR 65.10. Petitioner appeals, urging that the arbitration award be completely vacated.

A compulsory arbitration award is subject to reversal only when the arbitrators' decision is irrational, arbitrary or capricious *(see, Caso v Coffey,* 41 NY2d 153, 158) or when the arbitration was procedurally defective (CPLR 7511 [b] [1]). Because petitioner's jurisdictional challenge turns on a finding of fact made by the arbitration panel, our review is reduced to examining the rationality of the panel's determination. Like Supreme Court, we find the decision amply supported by the record.

Furthermore, the procedural defects are such that remand was unnecessary. The failure of respondent to notify petitioner of its intent to call witnesses cannot be deemed prejudicial in this case. The only witness was respondent's attorney, a participant in the settlement stipulation. Petitioner neither sought an adjournment nor claimed a lack of opportunity to cross-examine the witness.

Likewise, the basis of the arbitration panel's decision is not so unclear that judicial review is precluded. The very same language was held acceptable in a related proceeding, *Matter of New Hampshire Ins. Co. (Utilities Mut. Ins. Co.)* (130 AD2d 927).

Order reversed, on the law, with costs to respondent, arbitration award confirmed, and petition dismissed. Main, J. P., Casey, Weiss, Yesawich, Jr., and Levine, JJ., concur.