■ ANDREW DOHERTY et al., Plaintiffs, v BARCO AUTO LEAS-

ING Co. et al., Defendants. LIBERTY MUTUAL INSURANCE COMPANY, Appellant; STATE FARM AUTOMOBILE INSURANCE COMPANY, Respondent.—Appeal from an order of the Supreme Court, Nassau County (Lockman, J.) dated September 23, 1987, which granted the application of State Farm Automobile Insurance Company to vacate two arbitration awards and denied the cross application of Liberty Mutual Insurance Company to confirm the awards.

Ordered that the order is reversed, on the law, without costs or disbursements, the application is denied, the cross application is granted, and the awards are confirmed.

This litigation arises out of an accident that occurred on January 31, 1984. The plaintiff Andrew Doherty was operating his employer's truck when it collided with a vehicle owned by the defendant Barco Auto Leasing and operated by the defendant Richard W. Murphy. Liberty Mutual Insurance Company (hereinafter Liberty) insured the plaintiff's employer against both workers' compensation and automobile liability claims. State Farm Automobile Insurance Company (hereinafter State Farm) insured the vehicle owned by Barco Auto Leasing. As a result of the accident the plaintiff Andrew Doherty sustained serious injuries and commenced this action to recover damages for personal injuries, etc., on or about July 25, 1984. Pursuant to its policies of insurance Liberty paid the plaintiff workers' compensation and no-fault benefits.

In February 1986, the liability phase of the personal injury action was tried before a jury which found the defendants 80% responsible. At a conference on February 28, 1986, the action was settled during which a supervisor of Liberty participated by means of a telephone conference call. The plaintiff stipulated that there were no outstanding liens against his recovery and that all medical bills were paid to the no-fault and compensation carrier. He agreed that in the event there were any outstanding liens, he would make an application to have those bills paid to the appropriate parties, and, if necessary, moneys would be deducted from the proceeds of the settlement. The plaintiff further agreed to hold State Farm harmless for any outstanding medical bills or liens.

On December 16, 1986, Liberty placed into intercompany arbitration the following loss transfer claims: (a) $22,158.16 in workers' compensation benefits paid in lieu of no-fault benefits and (b) $14,565.30 in no-fault benefits paid. On February 23, 1987, the arbitrator awarded Liberty 80% of its claims based on the apportionment of fault by the jury.

State Farm then applied to set aside the two arbitration awards or in the alternative, for an order directing the plaintiffs to hold it harmless from paying the awards. Liberty cross-moved for an order confirming the two arbitration awards. The Supreme Court granted State Farm's application, holding that the stipulation was binding upon Liberty, that it had waived any "liens" and that its attempt to secure reimbursement through arbitration constituted misconduct in procuring the award under CPLR 7511.

Insurance Law § 5105 provides in pertinent part that:

"(a) Any insurer liable for the payment of first party benefits to or on behalf of a covered person and any compensation provider paying benefits in lieu of first party benefits which another insurer would otherwise be obligated to pay pursuant to subsection (a) of section five thousand one hundred three of this article or section five thousand two hundred twenty-one of this chapter has the right to recover the amount paid from the insurer of any other covered person to the extent that such other covered person would have been liable, but for the provisions of this article, to pay damages in an action at law. * * *

"(b) The sole remedy of any insurer or compensation provider to recover on a claim arising pursuant to subsection (a) hereof, shall be the submission of the controversy to mandatory arbitration pursuant to procedures promulgated or approved by the superintendent".

The insurer who pays out first-party benefits is not entitled to a lien, but instead is afforded the intercompany arbitral process under this section of the Insurance Law (Hayes v New York City Health & Hosps. Corp., 97 Misc 2d 748, 749). Indeed, mandatory arbitration provides the sole remedy for loss transfer and the arbitration panel is the proper forum for the determination of all questions of law and fact (see, Home Ins. Co. v Country-Wide Ins. Co., 134 AD2d 570; Paxton Natl. Ins. Co. v Merchants Mut. Ins. Co., 74 AD2d 715, affd 53 NY2d 646). The stipulation of settlement did not expressly refer to Liberty's right to loss transfer recovery, but only to outstanding liens. As a consequence, it cannot be said that Liberty unequivocally waived its right to loss transfer recovery (see, e.g., Matter of New Hampshire Ins. Co. [Utilities Mut. Ins. Co.], 134 AD2d 670). In any event, State Farm should have raised the issue before the arbitration panel (see, Paxton Natl. Ins. Co. v Merchants Mut. Ins. Co., supra). In failing to do so it is precluded from contesting the arbitrability of Liberty's claim in the absence of other grounds (see, CPLR 7503 [c]).

Since State Farm produced no further evidence tending to suggest that Liberty engaged in misconduct in procuring the award, we find that it failed to sustain its burden of proving misconduct. Mangano, J. P., Lawrence, Spatt and Harwood, JJ., concur.