■ ALLSTATE INSURANCE COMPANY, Appellant, v MANFREDI MOTOR TRANSIT COMPANY et al., Respondents.—Order unanimously reversed on the law with costs, defendants' motions for summary judgment denied and plaintiff's cross motion for summary judgment granted. Memorandum: Plaintiff, Allstate Insurance Company (Allstate), entered into a settlement agreement with other insurance companies. As part of Allstate's contribution to the settlement it agreed to waive the amount of its workers' compensation lien. The record, however, does not support defendants' contention that Allstate waived its right to pursue a loss-transfer claim to recover payments made in lieu of first-party benefits. Absent an express waiver, Allstate has the right to pursue its loss-transfer claim for $50,000 in lieu of first-party benefits *(see,* Insurance Law § 5105 [a]) and the proper forum to do so is arbitration *(see,* Insurance Law § 5105 [b]; Workers' Compensation Law § 29 [1-a]; 11 NYCRR 65.10 [a] [1]; *Doherty v Barco Auto Leasing Co.,* 144 AD2d 424, 426). (Appeal from order of Supreme Court, Erie County, Wolfgang, J.—summary judgment.) Present—Callahan, J. P., Doerr, Green, Pine and Lawton, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN C. RUGGLES, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant contends, for the first time on appeal, that his statements to the police should have been suppressed because they resulted from an arrest at his home without a warrant and in the absence of exigent circumstances *(Payton v New York,* 445 US 573). That issue was not raised before the suppression court and, therefore, is not preserved for appellate review *(see, People v Smith,* 55 NY2d 888, 890; *People v Gonzalez,* 55 NY2d 887, 888; *People v Martin,* 50 NY2d 1029, 1030-1031; *see also, People v Claudio,* 64 NY2d 858).

Further, we reject defendant's contention that his statements should have been suppressed because his waiver of his privilege against self-incrimination was not knowing and voluntary. The record does not demonstrate any violation of defendant's right to counsel. Defendant was given proper *Miranda* warnings and he did not request an attorney or invoke his right to remain silent *(see, People v Burnett,* 99 AD2d 786, 787). (Appeal from judgment of Chautauqua County Court, Adams, J.—manslaughter, second degree.) Present—Denman, J. P., Pine, Lawton, Davis and Lowery, JJ.