■ In the Matter of VOLKSWAGEN OF AMERICA, INC., Appellant, v DANIEL J. FRIEDMAN, Respondent.—In a proceeding pursuant to CPLR 7511 to vacate an arbitration award issued

pursuant to General Business Law § 198-a (k), the petitioner appeals from a judgment of the Supreme Court, Nassau County (McCabe, J.), entered August 29, 1988, which (1) denied its application to vacate the arbitrator's award, (2) granted the respondent's cross motion to confirm the arbitrator's award, (3) awarded the respondent attorney's fees, and (4) assessed a penalty of $500 against the petitioner, payable to the respondent, for the petitioner's failure to comply with the arbitrator's award within 30 days of its issuance.

Ordered that the judgment is reversed, on the law, with costs, the petition is granted, the cross motion is denied, and the arbitrator's award is vacated.

The respondent Daniel Friedman purchased an Audi 5000 Turbo in December 1984. After experiencing mechanical problems with the automobile and failing to obtain relief from these complaints, he ultimately sought recourse under New York's "New Car Lemon Law" (General Business Law § 198-a) and brought a request for arbitration pursuant to its compulsory arbitration provision (see, General Business Law § 198-a [k]).

After a hearing, the arbitrator found that the respondent qualified for relief and rendered an award in his favor, finding that he was entitled to recover the purchase cost of the Audi, less certain deductions. Because the respondent does not meet the definition of "consumer" within the meaning of the statute, the judgment must be reversed and the arbitration award vacated.

The respondent was not precluded from seeking redress under General Business Law § 198-a simply because his vehicle was purchased prior to January 1, 1987, the effective date of the compulsory arbitration provision (see, Matter of Hynson [American Sales Corp.], 164 AD2d 41). However, the statute's application is limited to a "consumer", as therein defined. In order to qualify as a "consumer", the respondent was required to show that the vehicle he purchased was used "normally" for "personal, family or household purposes". The statute was recently amended to clarify that the vehicle must be purchased "primarily" for such nonbusiness purposes (see, General Business Law § 198-a [a] [1], as amended by L 1990, ch 530). At the hearing before the arbitrator, the respondent admitted that he used the vehicle to earn his living as a salesman, and that the vehicle was "normally" used for business purposes. When asked to give a breakdown of the vehicle's use between business and personal purposes, he re-

sponded that "[t]he percentage for business was about 85 percent".

Under the circumstances, there is no rational basis in the record for the arbitrator's determination that the respondent was a consumer entitled to relief under the Lemon Law, and the award in his favor must be vacated because it was made in excess of the arbitrator's power (CPLR 7511 [b] [1] [iii]; *see, Matter of Unigard Mut. Ins. Co. v Hartford Ins. Group.,* 108 AD2d 917, 918-919).

In light of our determination, there is no need to reach the appellant's remaining contentions. Mangano, P. J., Thompson, Miller and Ritter, JJ., concur.