■ In the Matter of BUDGET RENT-A-CAR, Appellant. STATE INSURANCE FUND, Respondent. [654 NYS2d 757] —Order, Supreme Court, New York County (Walter Tolub, J.), entered January 2, 1996, denying petitioner's application to stay permanently a loss-transfer arbitration instituted by respondent, the State Insurance Fund, pursuant to Insurance Law § 5105, unanimously modified, on the law, to bar all claims for payment made before August 17, 1992, and, except as thus modified, affirmed, without costs or disbursements.

On February 19, 1991, Abdelmoez El-Shafaie was involved in an automobile accident and thereafter began to receive first-party no-fault payments from respondent the State Insurance Fund. Pursuant to Insurance Law § 5105 (a), the State Fund commenced an arbitration proceeding on or about August 17, 1995 to recover from petitioner, a self-insured covered person allegedly liable to Mr. El-Shafaie for his damages but for the provisions of article 51 of the Insurance Law, for the benefits the State Fund had paid to Mr. El-Shafaie. Petitioner sought a permanent stay of arbitration on the ground it was time barred by the three-year Statute of Limitations set forth in CPLR 214 (2). The IAS Court, citing *MVAIC v Aetna Cas. & Sur. Co.* (161 Misc 2d 926, *affd* 222 AD2d 292, *affd* 89 NY2d 214), held that the State Fund's claim accrued when the first-party payments were completed, an event which has not yet occurred. Accordingly, the Statute of Limitations had not run and the stay was denied. We modify to bar claims for payments made more than three years before August 17, 1995, the date of the State Fund's demand for arbitration.

On appeal of *MVAIC v Aetna Cas. & Sur. Co. (supra)* to the Court of Appeals, the Court held that the three-year Statute of Limitations provided in CPLR 214 (2) controls and that the limitations period "begins to run upon the initial payment" to the claimant. (89 NY2d, at 221.) The Court amplified its holding, which involved an aggregate of several payments over a period of time, to state that the Statute of Limitations had run as to the initial payment "and as to all other payments made more than three years before the date of the demand." (*Supra,* at 222.)

We modify accordingly. Concur—Sullivan, J. P., Rosenberger, Tom and Andrias, JJ.