■ In the Matter of the Arbitration between STATE INSURANCE FUND, Respondent, and COUNTRY-WIDE INSURANCE COMPANY, Appellant. [715 NYS2d 15] —Order, Supreme Court, New York County (Karla Moskowitz, J.), entered June 15, 1999, which granted petitioner workers' compensation insurer's application to vacate an arbitration award denying its claim against respondent automobile liability insurer as time-barred, denied respondent's cross motion to confirm the award, and directed that the arbitrator rehear petitioner's claim for the payments it made to the injured worker within the three-year Statute of Limitations, after the commencement of the arbitration proceeding on December 4, 1994, unanimously affirmed, without costs.

Petitioner paid workers' compensation and medical expense benefits to an employee of its insured injured in an automobile accident involving a car insured by respondent. It appears to be undisputed that petitioner's claim against respondent to recover these payments must, as a matter of statute, be arbitrated. That being so, the motion court correctly held that the arbitrator's acceptance of respondent's Statute of Limitations defense is subject to judicial review under an arbitrary and capricious standard (*see, Matter of MVAIC v Aetna Cas. & Sur. Co.*, 89 NY2d 214, 223-224), and that it was arbitrary and capricious of the arbitrator not to follow clear precedent establishing that claims like petitioner's are subject to a three-year limitations period that commences to run from the date of the first payment to the injured party, not the date of the injury (*cf., id.*, at 224; *see, Matter of Budget Rent-A-Car [State Ins. Fund]*, 237 AD2d 153), and that only precludes recovery of payments more than three years prior to the commencement of suit. Concur—Rosenberger, J. P., Nardelli, Ellerin, Lerner and Friedman, JJ.