[763 NYS2d 181]

In the Matter of the Arbitration between LIBERTY MUTUAL
INSURANCE COMPANY, Appellant, and HANOVER INSURANCE
COMPANY, Respondent.

Fourth Department, June 13, 2003

### APPEARANCES OF COUNSEL

*Law Offices of Lawrence M. Rubin*, Buffalo (*Destin Santacrose* of counsel), for appellant.

*D'Ambrosio & D'Ambrosio, P.C.*, Irvington (*John P. D'Ambrosio* of counsel), for respondent.

### OPINION OF THE COURT

BURNS, J.

The primary issue before us on this appeal concerns the date on which the statute of limitations on a loss-transfer claim between insurance carriers begins to run. According to petitioner, a loss-transfer claim is governed by CPLR 214 (5), and the statute of limitations begins to run from the date of the underlying accident or, alternatively, from the date of the first payment of no-fault benefits to the injured party. According to respondent, a loss-transfer claim is governed by CPLR 214 (2), and such a claim is timely with respect to any payment of no-fault benefits for which reimbursement is sought provided that the payment was made within three years of the demand for arbitration of the loss-transfer claim. We agree with respondent that a loss-transfer claim is statutorily created and that this case therefore is governed by CPLR 214 (2), which provides for a three-year statute of limitations for actions to recover upon liability created or imposed by statute. We further agree with respondent that its loss-transfer claim is timely because it seeks reimbursement for payments made within three years of its demand for arbitration of the loss-transfer claim. Thus, we conclude that the order denying the petition for a permanent stay of arbitration should be affirmed.

The underlying facts are simply stated. In November 1994, a United Parcel Service (UPS) vehicle insured by petitioner struck the rear of a vehicle owned by John and Linda Stanek and insured by respondent. Linda Stanek was injured in the accident and received no-fault benefits from respondent until February 1996. Respondent sought reimbursement for those benefits from petitioner pursuant to the loss-transfer provisions of the No-Fault Law (Insurance Law art 51), based on

the fact that the UPS vehicle weighed more than 6,500 pounds (*see* Insurance Law § 5105 [a]). Petitioner voluntarily reimbursed respondent for those no-fault benefits, and thus arbitration was unnecessary at that time. It was not until the year 2001 that Linda Stanek sought arbitration of the issue of respondent's refusal to continue payment of no-fault benefits. On June 20, 2001, an arbitration decision in favor of Linda Stanek awarding her additional benefits from respondent was mailed. Respondent paid the full amount of that award on July 17, 2001 and sought reimbursement from petitioner for that amount in December 2001. Upon petitioner's refusal to reimburse respondent for the July 17, 2001 payment to Linda Stanek, respondent filed a demand for arbitration pursuant to the loss-transfer provisions of the No-Fault Law that permit one insurer to recover from another where one of the vehicles involved in an accident weighs over 6,500 pounds "unloaded" (*id.*). Petitioner then commenced this proceeding seeking a permanent stay of arbitration.

We address first the applicability of CPLR 214 (2). As the Court of Appeals noted in *Matter of Motor Veh. Acc. Indem. Corp. v Aetna Cas. & Sur. Co.* (89 NY2d 214, 220-221 [1996]), there is a distinction between "claims which, although provided for in a statute, merely codify or implement an existing common-law liability, which are not governed by CPLR 214 (2) but by the Statute of Limitations applicable to their common-law sources[,] * * * [and] claims which, although akin to common-law causes, would not exist but for the statute * * *, in which case CPLR 214 (2) applies." As the Court wrote in *Aetna Life & Cas. Co. v Nelson* (67 NY2d 169, 175 [1986]), "the No-Fault Law does not codify common-law principles; it creates new and independent statutory rights and obligations in order to provide a more efficient means for adjusting financial responsibilities arising out of automobile accidents * * *." Thus, contrary to petitioner's contention, we conclude that a loss-transfer claim between insurance carriers is statutorily created under the no-fault statutory and regulatory scheme and thus is governed by CPLR 214 (2) (*see generally Motor Veh. Acc. Indem. Corp.*, 89 NY2d at 220-221).

■ ■ Turning to the issue of accrual, we conclude that a loss-transfer claim by an insurance carrier generally accrues on the date of payment of no-fault benefits to the claimant, because by then " 'all of the facts necessary to the cause of action have occurred so that the party would be entitled to obtain relief in court' " (*id.* at 221, quoting *Aetna Life & Cas. Co.,* 67

NY2d at 175). We disavow our prior statement in *Matter of Allstate Ins. Co. (Clarendon Natl. Ins. Co.)* (259 AD2d 971, 972 [1999]) that "loss-transfer arbitration claims between private insurers accrue on the date of the underlying injury * * *."

■ In addition, we conclude that, where several payments are made to the claimant over a period of time, the timeliness of loss-transfer claims for such payments is individually measured from the date of each payment to the date of the demand for arbitration of the loss-transfer claim. In other words, a loss-transfer claim is timely if the demand for arbitration of such claim is made within three years of the payment for which reimbursement is sought. Thus, all claims for payments made " 'more than three years before the date of the demand' " are time-barred, while those made within three years of the demand are timely asserted (*Matter of Budget Rent-A-Car [State Ins. Fund]*, 237 AD2d 153, 153 [1997], quoting *Motor Veh. Acc. Indem. Corp.*, 89 NY2d at 222; *see Matter of Progressive Ins. Co. v Motor Veh. Acc. Indem. Corp.*, 248 AD2d 390 [1998]; *see also Matter of State Ins. Fund [Country-Wide Ins. Co.]*, 276 AD2d 432 [2000]).

Here, respondent's payment to Linda Stanek as a result of the arbitration sought by her was made on July 17, 2001, and respondent filed its demand for arbitration on August 2, 2002, well within the three-year period. Respondent's loss-transfer claim therefore is not time-barred.

Accordingly, we conclude that the order should be affirmed.

PIGOTT, JR., P.J., GREEN, WISNER and GORSKI, JJ., concur.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed, without costs.