■ CIGNA PROPERTY & CASUALTY, Respondent, v LIBERTY MUTUAL INSURANCE COMPANY, Appellant. [783 NYS2d 810]—

Judgment, Supreme Court, New York County (Lottie E. Wilkins, J.), entered September 22, 2003, which granted the petition to vacate an arbitration award and denied respondent's cross motion to confirm the award, unanimously affirmed, with costs.

Vacatur of an arbitration award is strictly limited to the reasons stated in CPLR 7511 (b), but where the parties have submitted to compulsory arbitration, the award must have evidentiary support and cannot be arbitrary or capricious if it is to be upheld (*Mount St. Mary's Hosp. of Niagara Falls v Catherwood*, 26 NY2d 493 [1970]). Nothing in this record supports the arbitrator's conclusion that respondent, the workers' compensation carrier, was entitled to priority of payment merely by virtue of payment of the claim. Insurance Law § 5105 (a) makes clear that any request for reimbursement must be based on an allocation of loss. The record is bereft of any evidence that the award was based on such an allocation, and thus the award was properly vacated. Concur—Tom, J.P., Andrias, Sullivan, Ellerin and Sweeny, JJ.