■ In the Matter of STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent, v CITY OF YONKERS, Appellant. [801 NYS2d 624]—

In a proceeding pursuant to CPLR article 75 to vacate an arbitration award in favor of the City of Yonkers dated October 20, 2003, in the sum of $49,962.88, the appeal is from an order of the Supreme Court, Westchester County (Barone, J.), entered April 6, 2004, which granted the petition and vacated the award.

Ordered that the order is reversed, on the law, with costs, the petition is denied, the arbitration award is reinstated and confirmed, and the matter is remitted to the Supreme Court, Westchester County, for the entry of an appropriate judgment (*see* CPLR 7514 [a]).

On October 12, 2000, nonparty Richard Greco, an employee of the appellant City of Yonkers, sustained personal injuries, when, while crossing the street, he was struck by a motor vehicle owned by nonparty Keith Brunson. Brunson's vehicle was insured by the petitioner, State Farm Mutual Automobile Insurance Company (hereinafter State Farm). Greco was working at the time of the accident.

Greco filed a bodily injury claim with State Farm, Brunson's insurer, to recover damages for the personal injuries he sustained in the accident. In February 2002 Greco's claim was settled for $100,000, the policy limit for the Brunson vehicle. Greco executed a standard form release (hereinafter the general

release) dated February 1, 2002, in favor of Brunson, inter alia, releasing him from liability for any and all claims arising out of the accident.

Meanwhile, the City paid Greco workers' compensation benefits which totaled $49,962.88. Greco did not seek the City's permission to settle the personal injury action until after he had settled the matter and signed the general release. The City consented to the settlement in April 2002 in a letter (hereinafter the consent letter) in which it reserved its "offset and credit rights against all retroactive, future, current and modified workers' compensation benefits payable to Richard Greco based upon the net settlement value received" by him.

The City sought mandatory arbitration pursuant to Insurance Law § 5105 against State Farm for recoupment of the workers' compensation benefits it paid to Greco, commonly referred to as a "loss transfer." State Farm asserted two affirmative defenses: that the policy limits were exhausted and that the general release executed by Greco extinguished the City's subrogation rights. It did not assert that the City's consent to the settlement constituted a waiver of its loss transfer rights. The arbitrator found in favor of the City. State Farm commenced this proceeding to vacate the arbitrator's award. The Supreme Court granted the petition and vacated the award on the ground, inter alia, that the arbitrator's award made no mention of the general release. We reverse.

An arbitration award in a mandatory arbitration proceeding will be upheld if it is supported by the evidence and is not arbitrary and capricious (*see Matter of Motor Veh. Acc. Indem. Corp. v Aetna Cas. & Sur. Co.*, 89 NY2d 214, 223 [1996]; *Matter of Kemper Ins. Co. v Westport Ins. Co.*, 9 AD3d 431, 432 [2004]). On review, an award may be found to be rational if any basis for such a conclusion is apparent to the court based upon a reading of the record (*see Caso v Coffey*, 41 NY2d 153, 158 [1976], citing *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 231 [1974]; *Dahan v Luchs*, 92 AD2d 537, 538 [1983]).

Pursuant to Insurance Law § 5105, an insurer who pays out first-party benefits or workers' compensation benefits in lieu thereof is afforded the mandatory intercompany arbitral process to recoup payment of those benefits through a loss transfer (*see Doherty v Barco Auto Leasing Co.*, 144 AD2d 424, 426 [1988]). This mandatory arbitration provides the sole remedy for loss transfer (*id.*). An insurer does not lose its loss transfer rights as part of a personal injury settlement absent an "express waiver"

of those rights (*Allstate Ins. Co. v Manfredi Motor Tr. Co.*, 159 AD2d 969 [1990]; *see Matter of Kemper Ins. Co. v Westport Ins. Co., supra; Doherty v Barco Auto Leasing Co., supra*). In the case at bar, the City did not expressly waive its right to seek recovery of first-party benefits in intercompany arbitration, and the general release executed by its insured did not effect a waiver of its loss transfer rights. Thus, the arbitrator's determination was supported by the evidence in the record (*see Doherty v Barco Auto Leasing Co., supra; Allstate Ins. Co. v Manfredi Motor Tr. Co., supra*), and was not arbitrary and capricious (*see Matter of Motor Veh. Acc. Indem. Corp. v Aetna Cas. & Sur. Co., supra*).

The dissent does not dispute that the general release contains no explicit waiver of the City's loss transfer rights. According to the dissent, however, the arbitrator failed to consider whether there was an explicit waiver of the right to loss transfer recovery, implying that the City's consent letter constituted such a waiver. This issue was not before the arbitrator. The issue tendered to the arbitrator, as phrased by State Farm, was whether the general release extinguished the City's claim, not whether the consent letter constituted an explicit waiver of the right to loss transfer. There is absolutely no evidence in the record to establish that the consent letter was submitted to the arbitrator for consideration on the issue of waiver. In fact, State Farm, the party who, according to the dissent, benefitted from this document, vigorously denied in the Supreme Court that it was submitted to the arbitrator. State Farm accused the City of submitting the consent letter to the Supreme Court for the first time. It criticized the City for failing to submit an affidavit by an individual with knowledge to establish that the consent letter had in fact been submitted in the arbitration. Thus, we are not, as the dissent states, deciding the issue de novo based upon an assumption of what evidence was before the arbitrator.

Even if the consent letter had been submitted to the arbitrator, it, like the general release, contains no explicit waiver of the City's loss transfer rights. The mere fact that the City consented to the settlement is insufficient to constitute a waiver of its loss transfer rights. This point is made pellucidly clear by this Court's holding in *Doherty v Barco Auto Leasing Co. (supra)*. There, the plaintiff Andrew Doherty was involved in an accident while operating his employer's truck. Liberty Mutual Insurance Company (hereinafter Liberty Mutual) insured Doherty's employer against both workers' compensation and automobile liability claims. State Farm Automobile Insurance Company (hereinafter State Farm Automobile) insured the ve-

hicle owned by Barco Auto Leasing Co. Pursuant to its policies of insurance, Liberty Mutual paid Doherty's workers' compensation and no-fault benefits. Doherty commenced an action to recover damages for personal injuries. The action was settled with the participation of a supervisor at Liberty Mutual. Doherty stipulated, inter alia, "that there were no outstanding liens against his recovery and that all medical bills were paid to the no-fault and compensation carrier" (*Doherty v Barco Auto Leasing Co., supra* at 425).

Liberty Mutual thereafter placed into intercompany arbitration the loss transfer claims for no-fault and workers' compensation benefits paid to Doherty. The arbitrator awarded Liberty Mutual 80% of its claims. State Farm Automobile commenced a CPLR article 75 proceeding to vacate the arbitration awards, and Liberty Mutual cross-moved for an order confirming the awards. The Supreme Court granted State Farm Automobile's petition on the ground that the stipulation was binding upon Liberty Mutual, and that it had waived any "liens." This Court reversed, holding that the stipulation of settlement did not expressly refer to Liberty Mutual's right to loss transfer recovery, but only to outstanding liens (*see Doherty v Barco Auto Leasing Co., supra* at 425-426). "As a consequence, it [could] not be said that Liberty [Mutual] unequivocally waived its right to loss transfer recovery" (*Doherty v Barco Auto Leasing Co., supra* at 426, citing *Matter of New Hampshire Ins. Co. [Utilities Mut. Ins. Co.],* 134 AD2d 670 [1988]). The fact that Liberty Mutual participated in and explicitly consented to the settlement was of no relevance.

In the case at bar, there is evidentiary support in the record for the arbitrator's award because the general release contains no express waiver of the City's loss transfer rights (*see Matter of Motor Veh. Acc. Indem. Corp. v Aetna Cas. & Sur. Co., supra; Allstate Ins. Co. v Manfredi Motor Tr. Co., supra; Doherty v Barco Auto Leasing Co., supra*). The outcome would not have been different even if, as the dissent suggests, the consent letter had been before the arbitrator since it too contains no express waiver of the City's loss transfer rights.

Finally, the arbitrator complied with the applicable procedural requirements by including a brief statement of the basis for the finding (*see* 11 NYCRR 65.10 [d] [4] [vii]). The dissent simply disagrees with it.

Accordingly, the Supreme Court should have denied the petition and confirmed the arbitrator's award in favor of the City (*see* CPLR 7511 [e]). Crane, J.P., Mastro and Spolzino, JJ., concur.

Goldstein, J., dissents and votes to affirm the order with the following memorandum in which Luciano, J., concurs: The instant case arises out of an accident involving a vehicle insured by the petitioner and Richard Greco, a pedestrian employed by the City of Yonkers who was crossing the street at the time of the accident. Richard Greco claimed and received workers' compensation benefits. In February 2002 he settled his claim against the petitioner's insured for $100,000, constituting the policy limits and signed a general release. On April 1, 2002, the City consented to the settlement of $100,000, reserving its "offset and credit rights" against "retroactive, future, current and modified Workers' Compensation benefits payable to Richard Greco based upon the net settlement value."

Thereafter, the City sought reimbursement from State Farm Mutual Automobile Insurance Company (hereinafter State Farm) pursuant to Insurance Law § 5105, which permits recoupment of payments of first-party benefits or payments made in lieu of first-party benefits if the requirements of Insurance Law § 5105 (a) are satisfied (*see State Farm Mut. Auto. Ins. Co. v Aetna Cas. & Sur. Co.*, 132 AD2d 930 [1987], *affd* 71 NY2d 1013 [1988]). Recoupment pursuant to Insurance Law § 5105 is known as a "loss transfer recovery" (*Doherty v Barco Auto Leasing Co.*, 144 AD2d 424, 426 [1988]).

In accordance with Insurance Law § 5105 (b) the controversy was submitted to mandatory arbitration. In the arbitration proceeding, State Farm asserted as affirmative defenses that its policy limits had been exhausted and a general release had been executed by Greco. A copy of the release was submitted with State Farm's answer.

The arbitrator, after a hearing, awarded the City $49,962.88, stating that the "City of Yonkers proved liability against . . . State Farm for 100%" and "liability & claimed amount not at issue." The arbitrator further stated that "bodily injury liability limit stretches to accommodate a basic PIP [personal injury protection] subro[gation] or worker's comp loss transfer."

State Farm commenced this proceeding to vacate the award. The petition was granted and the parties were directed to submit to a new arbitration hearing before a different arbitrator on the ground that "[t]he Arbitrator issued an incomprehensible two sentence decision which makes no mention of the legal issue of the general release entered into by Mr. Greco in favor of State Farm."

Where, as here, the parties have submitted to compulsory arbitration, to be upheld, the award must have evidentiary support and cannot be arbitrary or capricious (*see Mount St. Mary's*

*Hosp. of Niagara Falls v Catherwood,* 26 NY2d 493 [1970]; *Cigna Prop. & Cas. v Liberty Mut. Ins. Co.,* 12 AD3d 198 [2004]). Further, pursuant to 11 NYCRR 65.10 (d) (4) (vii) (d) the arbitration award must be rendered in a written decision which states a "brief statement of the basis for the finding, such as lack of proof, contributing negligence, apportionment of negligence or other controlling principles of law."

Greco claimed and received workers' compensation benefits. As part of the settlement, a workers' compensation carrier may explicitly waive its right to a credit or offset pursuant to Workers' Compensation Law § 29 (4) (*see Miszko v Gress,* 4 AD3d 575 [2004]) its right to recovery of liens and its right to a loss transfer recovery (*see Matter of Kemper Ins. Co. v Westport Ins. Co.,* 9 AD3d 431, 432 [2004]; *Allstate Ins. Co. v Manfredi Motor Tr. Co.,* 159 AD2d 969 [1990]; *Doherty v Barco Auto Leasing Co., supra*).

In the instant case, Greco's employer explicitly consented to the settlement. The issue before the arbitrator was whether there was an explicit waiver of the right to loss transfer recovery. This issue was apparently not considered by the arbitrator. The majority would confirm the award, based upon its own determination that the evidence in the record would permit a finding that there was no explicit waiver.

Since the controversy including State Farm's affirmative defense "must, as a matter of [law], be arbitrated" (*Matter of State Ins. Fund [Country-Wide Ins. Co.],* 276 AD2d 432 [2000]), it is not the function of this Court to decide the issues de novo. The arbitrator's decision did not comply with 11 NYCRR 65.10 since it did not state the basis for the arbitrator's finding in comprehensible terms. Accordingly, the award was properly vacated as arbitrary and capricious.