■ In the Matter of JOSEPH DiNAPOLI et al., Respondents, v PEAK AUTOMOTIVE, INC., Appellant. [824 NYS2d 424]—

In a proceeding pursuant to CPLR article 75 to confirm an arbitration award, Peak Automotive, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Baisley, J.), dated May 19, 2005, as denied its cross motion to vacate the award, and granted that branch of the petitioners' motion which was for leave to renew their prior motion to confirm the award and, upon renewal, confirmed the award.

Ordered that the order is affirmed insofar as appealed from, with costs.

"Vacatur of an arbitration award is strictly limited to the reasons stated in CPLR 7511 (b), but where the parties have submitted to compulsory arbitration, the award must have evidentiary support and cannot be arbitrary or capricious if it is to be upheld" (*Cigna Prop. & Cas. v Liberty Mut. Ins. Co.,* 12 AD3d 198, 199 [2004]).

The appellant concedes that the warranty period on the subject vehicle extended until September 26, 2002, or until 62,714 miles was recorded on the odometer of the vehicle, whichever occurred first. The evidence before the arbitrator established that, during the period in which the vehicle was under warranty, it was out of service for repairs for well over 15 days including periods when the vehicle would not start and the "check engine" light was on. Accordingly, the conclusion that the appellant failed to correct a malfunction or defect involving the engine which substantially impaired the value of the vehicle is supported by the evidence and the presumption set forth in General Business Law § 198-b (c) (2) (b). Moreover, the arbitrator's conclusion that "[t]he vehicle is primarily used for personal, family or household purposes" was supported by testimony in the record which was not refuted by the petitioners' acknowledgment that it was used on occasion for business purposes (*see generally Matter of Volkswagen of Am. v Friedman,* 166 AD2d 709 [1990]). We further note that newly discovered evidence is not a basis for vacating an arbitrator's award (*see Matter of Meehan v Nassau Community Coll.,* 242

AD2d 155, 157 [1998]; *Matter of Hirsch Constr. Corp. [Cooper]*, 181 AD2d 52, 55 [1992]).

Since the appellant failed to demonstrate a basis for vacating the arbitrator's award (*see* CPLR 7511; *Motor Veh. Mfrs. Assn. of U.S. v State of New York*, 75 NY2d 175, 186 [1990]; *Matter of Lurie v Sobus*, 289 AD2d 578, 578 [2001]), upon renewal, the award was properly confirmed (*see* CPLR 7510). Florio, J.P., Miller, Goldstein and Lunn, JJ., concur.