■ TRAVELERS INDEMNITY COMPANY, Appellant, v RAPID SCAN RADIOLOGY, P.C., Respondent. [877 NYS2d 268]—

Judgment, Supreme Court, New York County (Eileen A. Rakower, J.), entered March 17, 2008, which denied the petition to vacate the award of the master arbitrator in the underlying no-fault arbitration, and order, same court and Justice, entered May 1, 2008, which, upon petitioner's motion for reargument, adhered to the original determination, unanimously affirmed, with costs.

Petitioner failed to demonstrate a ground pursuant to CPLR 7511 to vacate the master arbitrator's decision. There was a rational basis, based on *Fair Price Med. Supply Corp. v Travelers Indem. Co.* (42 AD3d 277 [2007], *affd* 10 NY3d 556 [2008]), for the master arbitrator's finding that the arbitrator erred, as a matter of law, in finding, in essence, that Rapid Scan committed fraud, given that the denial was not issued on that basis and the defense was subject to a 30-day preclusion rule.

The master arbitrator did not exceed his authority and his determination was not arbitrary or capricious. As to petitioner's claim that respondent did not comply with the filing requirements of 11 NYCRR 65-4.10 (d) (2) because it failed to state the nature of the claim and grounds for review and failed to include a copy of the lower arbitrator's award, this was not the basis of their challenge before the master arbitrator. Further, no prejudice has been shown since the parties submitted memoranda fully apprising the master arbitrator of the issues at hand and of the lower arbitrator's decision (*see Matter of Travelers Ins. Co. v Job*, 239 AD2d 289, 289-290 [1997]; *Matter of New Hampshire Ins. Co. [Utilities Mut. Ins. Co.]*, 134 AD2d 670, 671 [1987]; *compare Matter of Meisels v Uhr*, 79 NY2d 526 [1992]).

While it is conceded that Rapid Scan served its request by regular mail, not certified mail as required by 11 NYCRR 65-

4.10 (d) (3), as the Supreme Court found, petitioner participated in the master arbitrator's review and recognized in its own submission that the defect could be viewed as "de minimus and/or harmless."

We have considered petitioner's remaining arguments and find them unavailing. Concur—Gonzalez, P.J., Tom, Sweeny, Catterson and Renwick, JJ. [*See* 2008 NY Slip Op 30315(U).]