■ In the Matter of JOHN A. GEMELLI, P.C., Respondent, v BRUCE M. BRIGANDI, Appellant. [989 NYS2d 299]—

In a proceeding pursuant to CPLR article 75 to confirm an arbitration award, Bruce M. Brigandi appeals from a judgment of the Supreme Court, Queens County (Kitzes, J.), dated August 9, 2013, which, upon renewal, granted the petition and is in favor of the petitioner in the total sum of $17,720.53.

Ordered that the judgment is affirmed, with costs.

On January 17, 2012, an arbitration award in favor of the petitioner was delivered to the petitioner. Approximately eight months after receiving the award, by notice of petition and petition dated September 20, 2012, the petitioner timely commenced this proceeding to confirm the subject arbitration award (*see* CPLR 7510). The Supreme Court, by order dated November 13, 2012, denied the petition to confirm with leave to renew upon proper papers, since the petitioner had neglected to submit the affidavit of service with the petition. The petitioner subsequently moved to renew the petition to confirm, upon proper papers, ap-

proximately five months after his commencement of the proceeding. Rejecting the argument that the renewed application was untimely, the Supreme Court confirmed the award and entered a judgment in favor of the petitioner. We affirm.

The Supreme Court's order dated November 13, 2012, denied the petition with leave to renew. The order did not dismiss the proceeding or otherwise affect its timely commenced status. Accordingly, the petitioner's subsequent renewal application simply constituted a motion made in the course of this timely proceeding pursuant to CPLR 7510, and the Supreme Court did not act improvidently in granting confirmation upon renewal and entering a judgment in favor of the petitioner (*see generally Matter of DiNapoli v Peak Automotive, Inc.*, 34 AD3d 674 [2006]). Mastro, J.P., Roman, Hinds-Radix and LaSalle, JJ., concur.