■ In the Matter of EMERALD CLAIMS MANAGEMENT FOR ULLICO CASUALTY INSURANCE COMPANY, as Subrogee of Randolph Meyers, Respondent, v A. CENTRAL INSURANCE COMPANY, Appellant. [994 NYS2d 589]—

Judgment, Supreme Court, New York County (Cynthia S. Kern, J.), entered June 10, 2013, for petitioner in the total amount of $39,935.19, and bringing up for review an order, same court and Justice, entered on or about December 12, 2012, which granted the petition to confirm two arbitration awards against respondent, unanimously affirmed, with costs. Appeal from order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Petitioner's insured, while driving a van during the course of his employment, was involved in a motor vehicle accident with another vehicle, driven by a nonparty who was insured under a policy issued by respondent. Petitioner paid workers' compensation benefits to its insured in lieu of no-fault benefits, and then sought "loss transfer" reimbursement from respondent pursuant to Insurance Law § 5105, under the mandatory arbitration procedure. Respondent asserted, as an affirmative defense to petitioner's claim, that it had disclaimed coverage to its insured on the ground of noncooperation.

As this matter involves compulsory arbitration, the awards will be upheld so long as there is evidentiary support, and they are not arbitrary and capricious (see Matter of Motor Veh. Acc. Indem. Corp. v Aetna Cas. & Sur. Co., 89 NY2d 214, 223 [1996]). Here, the arbitrators rationally construed Insurance Law § 5105 (a) as providing petitioner insurer a direct right to recover loss transfer reimbursement from respondent, an adverse insurer of a tortfeasor who had a policy in effect at the time of the accident, regardless of respondent's disclaimer of coverage on noncooperation grounds (see Matter of State Farm Mut. Auto. Ins. Co. v City of Yonkers, 21 AD3d 1110, 1110-1112 [2d Dept 2005]; see also Insurance Law § 5102 [j] [defining "(c)overed person" as having an insurance policy "in effect"]). The loss transfer recovery right of petitioner under Insurance Law § 5105 (a) is separate from the personal right of the insured tortfeasor (and his heirs, assignees, or subrogees) to receive a defense and indemnification from respondent (see Aetna Life & Cas. Co. v Nelson, 67 NY2d 169, 175 [1986]; Matter of Liberty Mut. Ins. Co. [Hanover Ins. Co.], 307 AD2d 40, 42 [4th Dept 2003]; State Farm Mut. Auto. Ins. Co., 21 AD3d at 1110-1112).

Respondent waived any argument that the arbitrators lacked jurisdiction, since it participated fully in the arbitration proceedings, never sought a stay of the arbitration, and did not raise the argument before the arbitrators or before the Supreme

Court (*see Rochester City School Dist. v Rochester Teachers Assn.*, 41 NY2d 578, 583 [1977]; *Matter of Philadelphia Ins. Co. [Utica Natl. Ins. Group]*, 97 AD3d 1153, 1153 [4th Dept 2012], *appeal dismissed* 20 NY3d 984 [2012]). Nor did respondent assert any argument before the arbitrators that the combined awards exceeded the policy limits. In any event, the argument is unavailing.

We have considered respondent's remaining arguments and find them unavailing. Concur—Friedman, J.P., Moskowitz, Feinman, Gische and Kapnick, JJ.