■ In the Matter of DTG Operations, Inc., Doing Business as Dollar Rent A Car, Appellant, v AutoOne Insurance Company, as Subrogee of Vincent Harris, et al., Respondents. [40 NYS3d 392]—

Order and judgment (one paper), Supreme Court, New York County (Joan A. Madden, J.), entered November 16, 2015, in favor of respondent AutoOne Insurance Company (AutoOne), and bringing up for review an order, same court and Justice, entered September 24, 2014, which denied the petition of DTG Operations, Inc. d/b/a Dollar Rent-A-Car (Dollar) to vacate certain arbitration awards and granted judgment confirming those awards, as modified, in favor of AutoOne, unanimously affirmed, without costs.

Here, where the arbitration was compulsory pursuant to Insurance Law § 5105 (b), the arbitrator's findings are subject to "closer judicial scrutiny" than a voluntary arbitration, and the award "must have evidentiary support and cannot be arbitrary and capricious" (*Matter of Motor Veh. Acc. Indem. Corp. v Aetna Cas. & Sur. Co.*, 89 NY2d 214, 223 [1996]; *Matter of DiNapoli v Peak Automotive, Inc.*, 34 AD3d 674, 675 [2d Dept 2006]). Applying this standard, the arbitrator's decision finding that loss transfer under Insurance Law § 5105 (a) was applicable because the vehicle insured by AutoOne was "used principally for the transportation of persons or property for hire," had ample evidentiary support and was not arbitrary and capricious.

The AutoOne vehicle had been registered as a livery vehicle for the five years prior to the accident, and the change of registration—just five days prior to the date of loss—was

orchestrated by an insurance agent who was illegally insuring "dollar vans" as personal use vehicles. All four of the injured passengers confirmed that the AutoOne vehicle was being used as a vehicle for hire and for commercial purposes on the accident date, and the registration on the AutoOne vehicle was switched back to a "livery" vehicle shortly following the accident. Thus, there was adequate support for the arbitrator's finding that the AutoOne vehicle was being used, "principally," for the "transportation of persons or property for hire," and loss transfer applied (*Matter of State Farm Mut. Auto. Ins. Co. v Aetna Cas. & Sur. Co.*, 132 AD2d 930 [4th Dept 1987], *affd* 71 NY2d 1013 [1988]; *Matter of 20th Century Ins. Co. [Lumbermen's Mut. Cas. Co.]*, 80 AD2d 288, 290 [4th Dept 1981]).

We have considered Dollar's remaining contentions, particularly that this Court should turn to various local laws in its interpretation of Insurance Law § 5105 (a), and find them unavailing. Concur—Sweeny, J.P., Acosta, Andrias, Manzanet-Daniels and Webber, JJ.