■ In the Matter of DTG OPERATIONS, INC., Doing Business as DOLLAR RENT A CAR, Appellant, v THE TRAVELERS INDEMNITY Co., as Subrogee of Genise Forbes, Respondent. [42 NYS3d 805]—

Order and judgment (one paper), Supreme Court, New York County (Joan B. Lobis, J.), entered July 14, 2015, denying the petition to vacate an arbitration award granting respondent $42,591.14 in no-fault benefits, unanimously affirmed, without costs.

Petitioner's insured was involved in a motor vehicle accident with another vehicle driven by a nonparty who was insured under a policy issued by respondent. Respondent paid personal injury protection benefits to its insured, and then sought "loss transfer" reimbursement from petitioner pursuant to Insurance Law § 5105, under the mandatory arbitration procedure. Accordingly, this matter involves compulsory arbitration, and the award will be upheld so long as it comports with CPLR 7511 and is not arbitrary and capricious (*Matter of Motor Veh. Acc. Indem. Corp. v Aetna Cas. & Sur. Co.*, 89 NY2d 214, 223

[1996]; *Matter of Emerald Claims Mgt. for Ullico Cas. Ins. Co. v A. Cent. Ins. Co.*, 121 AD3d 481, 482 [1st Dept 2014]).

There is no basis for vacating the award under CPLR 7511 (b), and the award is not arbitrary and capricious. An evidentiary basis exists in the record to support a finding that respondent had demonstrated a causal relationship between the accident and the medical treatments for which it paid (*Matter of American Tr. Ins. Co. v Acceptance Indem. Ins. Co.*, 2009 NY Slip Op 33169[U] [Sup Ct, Nassau County 2009]). Respondent "responded in writing to the causation argument" (emphasis omitted), stating that the applicant passenger, who was injured while riding in an Access-A-Ride vehicle insured by respondent, was disabled prior to this loss, that the loss worsened any prior condition, that it takes a disabled person much longer to recover from said injuries, and that a disabled person therefore requires more treatment. Unlike *American Transit*, there were no allegations of fraud here. If petitioner still had reservations regarding the amount paid, it could have requested further proof (*see Matter of Progressive Northeastern Ins. Co. [New York State Ins. Fund]*, 56 AD3d 1111, 1114 [3d Dept 2008], *lv denied* 12 NY3d 713 [2009]). Concur—Mazzarelli, J.P., Sweeny, Richter, Manzanet-Daniels and Feinman, JJ.