Country-Wide Insurance Company a/a/o Quinbin Yuan, Petitioner-Appellant,
against
GEICO General Insurance Company, Respondent-Respondent.



Petitioner, as limited by its brief, appeals from so much of an order of the Civil Court of the City of New York, New York County (Jose A. Padilla, J.), entered June 1, 2016, as denied its petition to confirm an arbitration award dated November 17, 2015, and granted respondent's cross-petition to confirm an arbitration award dated January 29, 2016.




Per Curiam.
Order (Jose A. Padilla, J.), entered June 1, 2016, affirmed, with $10 costs.
The cross-petition to confirm the arbitration award dated January 29, 2016 was properly granted. The arbitrator's determination that respondent GEICO was entitled to recoup no-fault benefits paid through "loss transfer" reimbursement was supported by the evidence and was not arbitrary and capricious (see Matter of DTG Operations, Inc. v AutoOne Ins. Co., 144 AD3d 422 [2016]; Matter of Emerald Claims Mgt. for Ullico Cas. Ins. Co. v A. Cent. Ins. Co., 121 AD3d 481, 482 [2014]). 
Contrary to the appellant's contention that the arbitrator improperly considered new evidence, the prior arbitration award expressly provided that GEICO "should not be precluded from re-filing with additional evidence." In any event, any purported mistake by the arbitrator in considering certain evidence was not "so gross or palpable as to establish fraud or misconduct" (Korein v Rabin, 29 AD2d 351, 356 [1968]; CPLR 7511[b][1][i]), and did not, by itself, provide a sufficient basis for vacatur (see Matter of Utica Mut. Ins. Co. v Incorporated Vil. of Floral Park, 262 AD2d 565 [1999]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: April 12, 2017