■ In the Matter of ALLSTATE INSURANCE COMPANY, Appellant, v MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Respondent. [52 NYS3d 666]—In a proceeding pursuant to CPLR article 75 to vacate an arbitration award dated January 20, 2015, in which Motor Vehicle Accident Indemnification Corporation cross-petitioned to confirm the award, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Rebolini, J.), entered January 22, 2016, which, upon an order of the same court dated October 6, 2015, denying the petition and granting the cross petition, is in favor of Motor

Vehicle Accident Indemnification Corporation and against the petitioner in the principal sum of $50,000.

Ordered that the judgment is affirmed, with costs.

Where, as here, review of a compulsory arbitration award is sought, "decisional law imposes closer judicial scrutiny of the arbitrator's determination" than would be warranted when reviewing an award made after a consensual arbitration (*Matter of Motor Veh. Acc. Indem. Corp. v Aetna Cas. & Sur. Co.*, 89 NY2d 214, 223 [1996]; *see Matter of Allstate Ins. Co. v Labunska*, 132 AD3d 861, 861 [2015]). "An arbitration award in a mandatory arbitration proceeding will be upheld if it is supported by the evidence and is not arbitrary and capricious" (*Matter of State Farm Mut. Auto. Ins. Co. v City of Yonkers*, 21 AD3d 1110, 1111 [2005]; *see Motor Veh. Acc. Indem. Corp. v Aetna Cas. & Sur. Co.*, 89 NY2d at 223; *Matter of Allstate Ins. Co. v Labunska*, 132 AD3d at 861; *Matter of DiNapoli v Peak Automotive, Inc.*, 34 AD3d 674, 675 [2006]). Here, contrary to Allstate's contention, the arbitration award has evidentiary support in the record, and is not arbitrary and capricious (*see Matter of Allstate Ins. Co. v Labunska*, 132 AD3d at 861).

The parties' remaining contentions are either without merit or not properly before this Court.

Accordingly, the Supreme Court properly denied the petition to vacate the arbitration award and granted the cross petition to confirm the award. Mastro, J.P., Chambers, Roman and Connolly, JJ., concur.