Matter of Amtrust Group v American Tr. Ins. Co. (2018 NY Slip Op 03491)





Matter of Amtrust Group v American Tr. Ins. Co.


2018 NY Slip Op 03491


Decided on May 15, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 15, 2018

Richter, J.P., Andrias, Webber, Gesmer, Moulton, JJ.


6575N 654453/16

[*1] In re Amtrust Group, etc., Petitioner-Appellant,
v American Transit Insurance Company, Respondent-Respondent.


Marchhausen & Fitzpatrick, P.C., Hicksville (Kevin P. Fitzpatrick of counsel), for appellant.
Marjorie E. Bornes, Brooklyn, for respondent.



Order and judgment (one paper), Supreme Court, New York County (Erika M. Edwards, J.), entered April 24, 2017, which denied the petition to vacate an arbitration award, dismissed the petition, and confirmed the arbitrator's award in favor of respondent American Transit Insurance Company, unanimously affirmed, without costs.
Where, as here, arbitration is compulsory pursuant to Insurance Law § 5105(b), "the arbitrator's findings are subject to closer judicial scrutiny' than a voluntary arbitration, and the award must have evidentiary support and cannot be arbitrary and capricious'" (Matter of DTG Operations, Inc. v AutoOne Ins. Co., 144 AD3d 422, 422 [1st Dept 2016], quoting Matter of Motor Veh. Acc. Indem. Corp. v Aetna Cas. & Sur. Co., 89 NY2d 214, 223 [1996]). Here, petitioner did not meet its burden of establishing its prima facie entitlement to benefits (see Matter of DiNapoli v Peak Automotive, Inc., 34 AD3d 674, 675 [2d Dept 2006]). The arbitrator's finding was based upon petitioner's failure to comply with the PIP rules, namely, the absence of a proper payment ledger, which was a threshold issue, and was therefore rational, as it was based on the evidence before him (see Matter of Public Serv. Mut. Ins. Co. v Fiduciary Ins. Co. of Am., 123 AD2d 933, 934 [2d Dept 2014]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 15, 2018
CLERK