█ In the Matter of MARLENE SPERLING, Petitioner, v BOARD OF EDUCATION OF THE POUGHKEEPSIE CITY SCHOOL DISTRICT, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Board of Education of the Poughkeepsie City School District dated March 18, 1987, which, after a hearing, found the petitioner guilty of certain misconduct and imposed a fine of $2,500.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, without costs or disbursements.

Following a hearing pursuant to Education Law § 3020-a, the respondent Board of Education adopted the findings of its Hearing Panel that the petitioner, a tenured elementary school teacher, was guilty of two charges of misconduct. The misconduct occurred on March 18, 1986, when the petitioner requested that one of her students leave the classroom on a personal errand for her in violation of school policy to call the student's mother to arrange a meeting between the mother and the petitioner. When the student's mother arrived at the school, the petitioner absented herself from the class and discussed with the mother how a traffic ticket issued to the petitioner's husband by the mother's husband could be "eliminated". We find that the respondent's determination was supported by substantial evidence (see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights, 45 NY2d 176). Further-

more, contrary to the petitioner's contention, the charges preferred against her were sufficiently clear to apprise her of the reasons for the hearing and to enable her to prepare a proper defense *(see, Matter of Jerry v Board of Educ.,* 50 AD2d 149, *appeal dismissed* 39 NY2d 1057) and were proper charges to be brought in an Education Law. § 3020-a hearing *(see, Matter of Fitzpatrick v Board of Educ.,* 96 AD2d 557). The penalty imposed was not so disproportionate to the misconduct as to be shocking to one's sense of fairness *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222). While the petitioner had no prior disciplinary record and claimed to be under the stress of a number of personal problems at the time of the incident, these factors were considered by the Panel in assessing the penalty.

We have examined the remaining contentions advanced by the petitioner and find them to be without merit. Mollen, P. J., Thompson, Kunzeman and Rubin, JJ., concur.