■ In the Matter of the Arbitration between LIBERTY MUTUAL INSURANCE COMPANY, Respondent, and ALLSTATE INSURANCE COMPANY, Appellant. [651 NYS2d 784] —Order unanimously reversed on the law without costs, petition denied and award confirmed. Memorandum: We conclude that Supreme Court erred in granting the petition to vacate the arbitration award. Petitioner sought vacatur of the award on the ground that arbitration was not available under Insurance Law § 5105 (a) because neither of the vehicles involved in the collision weighed more than 6,500 pounds. By failing to apply for a stay of arbitration before arbitration, petitioner waived the contention that the claim is not arbitrable under Insurance Law § 5105 (*see, Matter of Silverman [Benmor Coats]*, 61 NY2d 299, 309; *Rochester City School Dist. v Rochester Teachers Assn.*, 41 NY2d 578, 583; *Matter of Aetna Cas. & Sur. Co. v Cebularz*, 191 AD2d 690), and may not later seek to vacate the arbitration award on the ground that the arbitrator exceeded his or her power (*see, Rochester City School Dist. v Rochester Teachers Assn., supra*, at 583). Furthermore, the Personal Injury Protection (No-Fault) Arbitration Agreement between the parties provides that, if a respondent company does not assert in its answer an affirmative defense that the arbitrator did not have jurisdiction to proceed with a hearing, that affirmative defense is waived. Thus, pursuant to the agreement, petitioner waived the contention that the claim is not arbitrable under Insurance Law § 5105. Consequently, we deny the petition to vacate the arbitration award and confirm the award. (Appeal from Order of Supreme Court, Onondaga County, Mordue, J.—Arbitration.) Present—Denman, P. J., Lawton, Fallon, Wesley and Balio, JJ.