In the Matter of the Arbitration between TRAVELERS PROPERTY CASUALTY INSURANCE COMPANY, Respondent, and ALLSTATE INSURANCE COMPANY, Appellant. [670 NYS2d 959] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly denied the petition of Allstate Insurance Company (Allstate) seeking a permanent stay of a loss transfer arbitration proceeding instituted by respondent, Travelers Property Casualty Insurance Company (Travelers), pursuant to Insurance Law § 5105. This proceeding arises from

a chain reaction accident on Route 15 in the Town of Avon in which a vehicle driven by Allstate's insured struck another vehicle, which then hit the vehicle of Travelers' insured and drove it into the rear of a truck weighing more than 6,500 pounds when unloaded. The vehicle of Travelers' insured and the vehicle behind it were stopped because the truck had slowed almost to a stop while trying to negotiate an underpass. After paying no-fault benefits to its insured, Travelers made a loss transfer claim against Allstate for reimbursement of those expenses and demanded arbitration pursuant to Insurance Law § 5105. Allstate then commenced this proceeding seeking a permanent stay of arbitration on the ground that there is no legal basis for Travelers' claim for reimbursement because the truck was not involved in the accident (*see, Matter of Liberty Mut. Ins. Co. [Allstate Ins. Co.],* 234 AD2d 901; *Matter of Atlantic Mut. Ins. Co. v Shaw,* 222 AD2d 581). There is no right to a loss transfer arbitration unless "at least one of the motor vehicles involved is a motor vehicle weighing more than six thousand five hundred pounds unloaded or is a motor vehicle used principally for the transportation of persons or property for hire" (Insurance Law § 5105 [a]). The truck was "involved" within the meaning of the statute because it was part of, or included in, the accident (*see generally,* McKinney's Cons Laws of NY, Book 1, Statutes § 232). (Appeal from Order of Supreme Court, Livingston County, Cicoria, J.—Arbitration.) Present—Green, J. P., Pine, Lawton, Hayes and Wisner, JJ.