■ In the Matter of UTICA MUTUAL INSURANCE COMPANY, Respondent, v INCORPORATED VILLAGE OF FLORAL PARK, Appel-

lant. [692 NYS2d 420] —In a proceeding to vacate an arbitration award, the Incorporated Village of Floral Park appeals from an order of the Supreme Court, Nassau County (McCaffrey, J.), dated September 4, 1998, which, upon granting its motion to renew and reargue the denial of its application to set aside the award and granting the cross-motion of the petitioner to confirm the arbitral award, which were determined by a prior order of the same court dated April 7, 1998, adhered to the original determination.

Ordered that the order is affirmed, with costs.

By failing to raise the issue of jurisdiction prior to arbitration, the Village waived the contentions that the insurance claim was not arbitrable under Insurance Law § 5105 and/or that the arbitrator exceeded her jurisdiction (*see, Matter of Liberty Mut. Ins. Co. [Allstate Ins. Co.], 234 AD2d 901*). In any event, the testimony at the hearing and the absence of any evidence to the contrary from the Village provided a rational basis for the arbitrator to conclude both that she had jurisdiction and that the Village was liable to reimburse Utica Mutual Insurance Company (hereinafter Utica) based on the "for hire" requirement set forth in Insurance Law § 5105 (*Matter of Hanover Ins. Co. v State Farm Mut. Auto. Ins. Co., 226 AD2d 533*). The fact that Utica submitted hearsay evidence at the hearing did not, by itself, provide a sufficient basis for vacatur (*see, Matter of New York State Inspection, Sec. & Law Enforcement Empls. [Department of Correctional Servs.], 227 AD2d 856, 857*). Bracken, J. P., Thompson, Goldstein, McGinity and Schmidt, JJ., concur.