█ In the Matter of PROGRESSIVE CASUALTY INSURANCE COMPANY, as Subrogee of STEPHEN MAFFEE, Appellant, v NEW YORK STATE INSURANCE FUND, Respondent. [850 NYS2d 478]—

In a proceeding pursuant to CPLR article 75 to vacate an arbitration award, the petitioner appeals from an order of the Supreme Court, Suffolk County (Pines, J.), dated January 17, 2007, which denied the petition and dismissed the proceeding.

Ordered that the order is reversed, on the law, with costs, the petition is granted, and the arbitration award is vacated.

Zimone Brown, a sanitation worker employed by a company insured by the New York State Insurance Fund (hereinafter the NYSIF), was collecting garbage along his route when he was struck by an automobile driven by Stephen Maffee and insured by Progressive Casualty Insurance Company (hereinafter Progressive). The garbage truck that Brown was loading that day was parked on the south side of a street, and at the time of the accident, Brown was in the street, between the middle of the roadway and the north side of the street. Maffee's vehicle did not come into contact with the garbage truck.

After paying workers' compensation benefits to and on behalf of Brown, the NYSIF filed an application for arbitration, seeking reimbursement of those benefits from Progressive, pursuant to the loss transfer provisions of Insurance Law § 5105. Progressive asserted, as an affirmative defense, that the mere presence of the garbage truck in the general vicinity of the accident did not satisfy the statutory prerequisite that a motor vehicle weighing more than 6,500 pounds or operated for hire be "involved" in the accident (Insurance Law § 5105 [a]). The arbitration panel determined that the garbage truck was involved in the accident, and awarded the NYSIF the full amount of the benefits it had paid. Progressive commenced this proceeding to vacate the arbitration award.

Contrary to the NYSIF's contention, at no point during the course of the proceedings in this matter has Progressive taken the position that the arbitration panel lacked jurisdiction or that the NYSIF's claim was not arbitrable (*cf. Matter of Utica Mut. Ins. Co. v Incorporated Vil. of Floral Park*, 262 AD2d 565, 566 [1999]; *Matter of Liberty Mut. Ins. Co. [Allstate Ins. Co.]*, 234 AD2d 901 [1996]). Thus, Progressive's participation in the arbitration proceeding without first moving for a stay of arbitration did not constitute a waiver of its contention that the garbage truck was not "involved" in the subject accident within the meaning of Insurance Law § 5105 (a) (*see Rochester City School Dist. v Rochester Teachers Assn.*, 41 NY2d 578, 583 [1977]). Since the mandatory arbitration provision in Insurance Law § 5105 (b) is broad, authorizing arbitration of the loss transfer claim as a whole, the issue of the garbage truck's "involvement" in the accident was properly litigated by the parties in the arbitration proceeding (*see Matter of Nassau Ins. Co. v McMorris*, 41 NY2d 701 [1977]; *see also Matter of Aetna Cas. & Sur. Co. [Bruton]*, 45 NY2d 871 [1978], *revg on dissenting mem of Silverman, J.*, 58 AD2d 551, 553-554 [1977]). The statute's minimum weight requirement is a condition precedent to ultimate recovery, not a condition precedent to "access to the arbitral forum" (*Matter of County of Rockland [Primiano Constr. Co.]*, 51 NY2d 1, 7 [1980]).

Where, as here, the obligation to arbitrate arises through a statutory mandate, the arbitrators' determination is subject to "closer judicial scrutiny" under CPLR 7511 (b) than it would receive had the arbitration been conducted pursuant to a voluntary agreement between the parties (*Matter of Motor Veh. Acc. Indem. Corp. v Aetna Cas. & Sur. Co.*, 89 NY2d 214, 223 [1996]). "To be upheld, an award in a compulsory arbitration proceeding must have evidentiary support and cannot be arbitrary and capricious" (*Matter of Motor Veh. Acc. Indem. Corp. v Aetna Cas. & Sur. Co.*, 89 NY2d at 223; *see Matter of Fireman's Fund Ins. Co. v Allstate Ins. Co.*, 46 AD3d 560 [2007]; *Matter of DiNapoli v Peak Automotive, Inc.*, 34 AD3d 674, 675 [2006]). "In addition, article 75 review questions whether the decision was rational or had a plausible basis" (*Matter of Petrofsky [Allstate Ins. Co.]*, 54 NY2d 207, 211 [1981]). Under the circumstances presented in this record, there was no evidentiary support or rational basis for the arbitrators' determination that the garbage truck was "involved" in the subject accident within the meaning of Insurance Law § 5105 (a) (*cf. Matter of Travelers Prop. Cas. Ins. Co. [Allstate Ins. Co.]*, 248 AD2d 1024, 1025 [1998]). The arbitration award, therefore, should have been vacated (*see Matter of Allstate Ins. Co. v American Arbitration*

*Assn.*, 26 AD3d 374 [2006]; *Matter of Saturn Corp. v Hurlburt*, 284 AD2d 399, 400 [2001]; *Matter of Volkswagen of Am. v Friedman*, 166 AD2d 709, 711 [1990]). Prudenti, P.J., Crane, Fisher and McCarthy, JJ., concur.