■ In the Matter of TRAVELERS INDEMNITY COMPANY, Appellant, v UNITED DIAGNOSTIC IMAGING, P.C., as Assignee of JOSEPH THANKACHAN, Respondent. [893 NYS2d 899]—In a proceeding pursuant to CPLR article 75 to vacate an award of a master arbitrator dated April 29, 2008, which confirmed an award of an arbitrator dated December 12, 2007, directing the payment of no-fault insurance benefits, the petitioner appeals from an order of the Supreme Court, Nassau County (Feinman, J.), dated October 2, 2008, which denied the petition.

Ordered that the order is affirmed, with costs.

"Consistent with the public policy in favor of arbitration, the grounds specified in CPLR 7511 for vacating or modifying a no-fault arbitration award are few in number and narrowly applied" (*Matter of Mercury Cas. Co. v Healthmakers Med. Group, P.C.*, 67 AD3d 1017, 1017 [2009]). Here, the petitioner asserts that the arbitration award should be vacated pursuant to CPLR 7511 (b) (1) (iii) on the ground that the master arbitrator exceeded his power in confirming the award. The petitioner also contends that both the arbitrator and master arbitrator "acted in a manner that was arbitrary, capricious, irrational, and without a plausible basis."

"An arbitration award in a mandatory arbitration proceeding will be upheld if it is supported by the evidence and is not arbitrary and capricious" (*Matter of State Farm Mut. Auto. Ins. Co. v City of Yonkers*, 21 AD3d 1110, 1111 [2005]). "On review, an award may be found to be rational if any basis for such a conclusion is apparent to the court based upon a reading of the record" (*id.*; *see Caso v Coffey*, 41 NY2d 153, 158 [1976]).

Here, the petitioner failed to demonstrate that the master arbitrator's award should have been vacated pursuant to CPLR 7511 (b) (1) (iii) (*see generally Matter of New York City Tr. Auth. v Transport Workers' Union of Am., Local 100, AFL-CIO*, 6 NY3d 332, 336 [2005]). Moreover, the determination of the master arbitrator confirming the original arbitration award had evidentiary support and a rational basis, and was not arbitrary and capricious. Accordingly, the Supreme Court properly denied the petition to vacate the award. Fisher, J.P., Florio, Belen and Hall, JJ., concur.