■ In the Matter of PUBLIC SERVICE MUTUAL INSURANCE COMPANY, as Subrogee of Peter Daversa, Respondent, v FIDUCIARY INSURANCE COMPANY OF AMERICA, Appellant. [999 NYS2d 135]—

In a proceeding pursuant to CPLR article 75 to confirm an arbitration award dated February 13, 2013, in which Fiduciary Insurance Company of America cross-petitioned to vacate the arbitration award, Fiduciary Insurance Company of America appeals from (1) an order of the Supreme Court, Queens County (Rios, J.), entered September 10, 2013, which granted the petition and denied the cross petition, and (2) a judgment of the same court entered October 3, 2013, which is in favor of the petitioner and against it in the total sum of $46,970.02.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the petitioner is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order

are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

Where, as in this case, review of a compulsory arbitration award is sought, "decisional law imposes closer judicial scrutiny of the arbitrator's determination" (*Matter of Motor Veh. Acc. Indem. Corp. v Aetna Cas. & Sur. Co.*, 89 NY2d 214, 223 [1996]; *see Matter of Furstenberg [Aetna Cas. & Sur. Co.—Allstate Ins. Co.]*, 49 NY2d 757 [1980]; *Mount St. Mary's Hosp. of Niagara Falls v Catherwood*, 26 NY2d 493 [1970]), and the award must have evidentiary support and cannot be arbitrary and capricious (*see Matter of Travelers Indem. Co. v United Diagnostic Imaging, P.C.*, 70 AD3d 1043 [2010]; *Matter of State Farm Mut. Auto. Ins. Co. v City of Yonkers*, 21 AD3d 1110, 1112 [2005]). Contrary to the appellant's contention, there was ample evidence in the record upon which the arbitrator could rationally base her award and, therefore, it is not subject to vacatur (*see e.g. Matter of Travelers Indem. Co. v United Diagnostic Imaging, P.C.*, 70 AD3d at 1044; *Matter of State Farm Mut. Auto. Ins. Co. v City of Yonkers*, 21 AD3d at 1112; *Matter of State Farm Mut. Auto. Ins. Co. v Lumbermens Mut. Cas. Co.*, 18 AD3d 762, 763 [2005]; *Matter of State Farm Mut. Auto. Ins. Co. v Arabov*, 2 AD3d 531, 533 [2003]). In this regard, we note that we have not considered those medical reports of Dr. Drew A. Stein that were appended to the petitioner's reply papers. We further note that the arbitrator clearly did not give any previous decisions of the Workers' Compensation Board res judicata effect in this case, although she did properly consider those decisions in making her determination.

The appellant's contentions that the arbitrator failed to decide the question of proximate cause and erroneously shifted the burden of proof on that issue to the appellant are without merit. In determining that the petitioner proved 100% liability against the appellant, the arbitrator necessarily found that the petitioner had met its burden of proof on the issue of proximate causation, and further found that the appellant's submissions were insufficient to rebut the petitioner's showing.

Finally, the appellant's challenge to the Supreme Court's award of prejudgment interest is without merit (*see* CPLR 5002, 5004; Insurance Law § 5105). Mastro, J.P., Roman, Sgroi and Maltese, JJ., concur.