■ In the Matter of TRI STATE CONSUMER INSURANCE COMPANY, as Subrogee of Donald Rohan, Respondent, v HIGH POINT PROPERTY & CASUALTY Co., Appellant. [7 NYS3d 406]—In a proceeding pursuant to CPLR article 75 to confirm an arbitration award dated April 2, 2013, High Point Property & Casu-

alty Co. appeals from an order of the Supreme Court, Nassau County (Brandveen, J.), entered June 18, 2014, which granted the petition to confirm the arbitration award and denied its motion to vacate the arbitration award.

Ordered that the order is reversed, on the law, with costs, the motion to vacate the arbitration award is granted, the petition to confirm the arbitration award is denied, the arbitration award is vacated, and the proceeding is dismissed.

The petitioner commenced a loss-transfer arbitration proceeding pursuant to Insurance Law § 5105 against the appellant insurance company to recover first-party benefits it paid to its insured as a result of a motor vehicle accident involving a vehicle allegedly insured by the appellant. After securing an arbitration award in its favor, the petitioner commenced this proceeding to confirm the arbitration award, and the appellant moved to vacate the arbitration award. The Supreme Court granted the petition and denied the motion.

Initially, since the appellant failed to apply for a stay of arbitration prior to arbitration, it waived its contention that the arbitration panel was without authority to hear the case (*see* CPLR 7503 [b]; *Rochester City School Dist. v Rochester Teachers Assn.*, 41 NY2d 578, 583 [1977]; *Matter of Allstate Ins. Co. v New York Petroleum Assn. Compensation Trust*, 104 AD3d 682, 682-683 [2013]; *Matter of Utica Mut. Ins. Co. v Incorporated Vil. of Floral Park*, 262 AD2d 565, 566 [1999]; *see generally Matter of Silverman [Benmor Coats]*, 61 NY2d 299, 309 [1984]; *cf. Matter of Progressive Cas. Ins. Co. v New York State Ins. Fund*, 47 AD3d 633, 634 [2008]).

Since this case involves statutorily mandated arbitration, the arbitrators' determination is "subject to judicial review under an arbitrary and capricious standard" (*Matter of Motor Veh. Acc. Indem. Corp. v Aetna Cas. & Sur. Co.*, 89 NY2d 214, 224 [1996]; *see Matter of Public Serv. Mut. Ins. Co. v Fiduciary Ins. Co. of Am.*, 123 AD3d 933 [2014]; *Matter of Progressive Cas. Ins. Co. v New York State Ins. Fund*, 47 AD3d at 634-635). In that respect, there was no rational basis in the record for the arbitrators' rejection of the appellant's defense of lack of coverage, since the record demonstrated that the subject insurance policy issued by the appellant pertained to a vehicle and an insured different from those involved in the accident. Accordingly, the arbitration award should have been vacated as arbitrary and capricious (*see Matter of Progressive Cas. Ins. Co. v New York State Ins. Fund*, 47 AD3d at 634; *Matter of Allstate Ins. Co. v American Arbitration Assn.*, 26 AD3d 374, 374-375 [2006]). Skelos, J.P., Austin, Miller and Hinds-Radix, JJ., concur.