■ In the Matter of New York City Transit Authority, Appellant, v Millicent Eke, Respondent. [15 NYS3d 225]—

In a proceeding pursuant to CPLR article 75 to vacate an arbitration award, the New York City Transit Authority appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Partnow, J.), dated June 4, 2013, as denied the petition and granted that branch of Millicent Eke's cross petition which was to confirm the arbitration award.

Ordered that the order is affirmed insofar as appealed from, with costs.

Where, as here, review is sought of a compulsory arbitration award, the standard of review calls for a "closer judicial scrutiny of the arbitrator's determination" than would be warranted in reviewing an award made after a consensual arbitration (*Matter of Motor Veh. Acc. Indem. Corp. v Aetna Cas. & Sur. Co.*, 89 NY2d 214, 223 [1996]; *see Matter of Public Serv. Mut. Ins. Co. v Fiduciary Ins. Co. of Am.*, 123 AD3d 933, 934 [2014]). "[T]he award must have evidentiary support and can-

not be arbitrary and capricious" (*Matter of Public Serv. Mut. Ins. Co. v Fiduciary Ins. Co. of Am.*, 123 AD3d at 934; *see Matter of Travelers Indem. Co. v United Diagnostic Imaging, P.C.*, 70 AD3d 1043 [2010]). Where there is ample evidence in the record upon which the arbitrator could have rationally based the award, the award should not be vacated (*see Matter of Public Serv. Mut. Ins. Co. v Fiduciary Ins. Co. of Am.*, 123 AD3d at 934; *see also Matter of State Farm Mut. Auto. Ins. Co. v City of Yonkers*, 21 AD3d 1110, 1112 [2005]).

Contrary to the appellant's contention, there was ample evidence in the record upon which the arbitrator could rationally base his conclusion that Millicent Eke sustained a serious injury under the significant limitation of use category of Insurance Law § 5102 (d) as a result of the subject accident (*see generally Estrella v GEICO Ins. Co.*, 102 AD3d 730, 731-732 [2013]). Among other things, Eke submitted the affirmed medical report of a neurologist who measured the range of motion of the cervical region of her spine approximately seven months after the accident, and found significant limitations with respect to flexion, extension, and both left and right lateral flexion. Moreover, several doctors, including the appellant's own experts, affirmed that the subject accident was the cause of Eke's injuries (*see* Insurance Law § 5102 [d]; *cf. Kharzis v PV Holding Corp.*, 78 AD3d 1122, 1123 [2010]; *Cheour v Pete & Sals Harborview Transp., Inc.*, 76 AD3d 989, 990 [2010]). Additionally, the arbitrator's decision to award Eke $25,000 was supported by ample evidence in the record (*cf. Sanz v MTA-Long Is. Bus*, 46 AD3d 867, 868 [2007]).

Accordingly, the Supreme Court properly denied the petition to vacate the arbitration award and granted that branch of the cross petition which was to confirm the arbitration award. Leventhal, J.P., Miller, Hinds-Radix and Maltese, JJ., concur.