■ In the Matter of KRISTIN PETERSON, Appellant, v KATONAH-LEWISBORO UFSD, Respondent. [22 NYS3d 550]—

In a proceeding pursuant to CPLR 7511 to vacate an arbitration award dated August 1, 2013, the petitioner appeals from so much of an order of the Supreme Court, Westchester County (Jamieson, J.), dated December 16, 2013, as denied the petition and, in effect, dismissed the proceeding.

Ordered that the order is affirmed insofar as appealed from, with costs.

The respondent Katonah-Lewisboro UFSD (hereinafter the District) instituted disciplinary proceedings against the petitioner charging her with 65 acts of unprofessional, inappropriate, and insubordinate behavior. After mandatory arbitration, the hearing officer found the petitioner guilty of five of the 65 charges in connection with a June 21, 2012, meeting with the new Superintendent of Schools, and a November 14, 2012, incident with the new principal of Katonah Elementary School, and imposed a $3,000 fine. The petitioner appeals from so much of an order of the Supreme Court as denied her petition pursuant to CPLR 7511 to vacate the hearing officer's determination with respect to the five charges of which she was found guilty and the $3,000 fine.

Judicial review of an arbitrator's award is extremely limited (*see Matter of Town of Babylon v Carson*, 111 AD3d 951, 953 [2013]). "A court may vacate an arbitration award pursuant to CPLR 7511 (b) (1) (iii) 'only if it violates a strong public policy, is irrational, or clearly exceeds a specifically enumerated limitation on the arbitrator's power' " (*Matter of Vintage Flooring & Tile, Inc. v DCM of NY, LLC*, 123 AD3d 731, 732 [2014], quoting *Matter of Falzone [New York Cent. Mut. Fire Ins. Co.]*, 15 NY3d 530, 534 [2010]; *see Motor Veh. Mfrs. Assn. of U.S. v State of New York*, 75 NY2d 175 [1990]). "An award is irrational when there is no proof whatever to justify the award" (*Matter of Vintage Flooring & Tile, Inc. v DCM of NY, LLC*, 123 AD3d at 732; *see Matter of Susan D. Settenbrino, P.C. v Barroga-Hayes*, 89 AD3d 1094 [2011]). Where, as here, the arbitration was mandatory, the courts look at the determination and award with closer scrutiny. Thus, vacatur would be granted upon the grounds that the rights of the party seeking to vacate the award were prejudiced by corruption, fraud, or misconduct in procuring the award, that the arbitrator was partial, that the

arbitrator exceeded his or her power or failed to make a final and definite award, or that a procedural failure was not waived (*see Matter of State Farm Mut. Auto. Ins. Co. v Arabov*, 2 AD3d 531 [2003]).

Contrary to the petitioner's contention, even under the closer scrutiny with which we must view the hearing officer's determination in a compulsory arbitration, the hearing officer's award has ample evidentiary support in the record and is rationally based. Furthermore, the record demonstrates that the hearing officer considered the petitioner's defense that the disciplinary proceedings were retaliatory in nature (*see* Civil Service Law § 75-b [2] [a] [ii]; [3] [a]). Where, as here, however, there is evidence of specific incidents of inappropriate, unprofessional, or insubordinate conduct which are found to demonstrate a separate and independent basis for the action taken, a defense under Civil Service Law § 75-b cannot be sustained (*see Matter of Crossman-Battisti v Traficanti*, 235 AD2d 566 [1997]).

Contrary to the petitioner's contention, the penalty imposed was not so disproportionate to the misconduct as to be shocking to one's sense of fairness (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222 [1974]). While the petitioner, who had no prior disciplinary record and who the arbitrator found to have a long history of excellent service with the District, claimed to be under the stress of the alleged retaliatory conduct committed against her by the District, these factors were considered by the hearing officer in assessing the penalty (*see Matter of Sperling v Board of Educ. of Poughkeepsie City School Dist.*, 150 AD2d 584 [1989]).

The parties' remaining contentions are without merit. Hall, J.P., Austin, Roman and Barros, JJ., concur.