■ In the Matter of LIBERTY MUTUAL FIRE INSURANCE COMPANY, as Subrogee of Mohan Singh, Respondent, v GLOBAL LIBERTY INSURANCE CO. OF N.Y., Appellant. [42 NYS3d 269]—

In a proceeding pursuant to CPLR 7511 to vacate an arbitration award dated March 24, 2014, in which Global Liberty Insurance Co. of N.Y. cross-petitioned to confirm the award, Global Liberty Insurance Co. of N.Y. appeals from an order of the Supreme Court, Suffolk County (Asher, J.), dated March 25, 2015, which granted the petition and denied the cross petition.

Ordered that the order is affirmed, with costs.

The petitioner, Liberty Mutual Fire Insurance Company, as subrogee of Mohan Singh (hereinafter Liberty Mutual), paid no-fault benefits on behalf of its insured for the medical treatment of a third party who was injured in a motor vehicle collision with a livery vehicle insured by Global Liberty Insurance Co. of N.Y. (hereinafter Global). Liberty Mutual thereafter sought to recover payments of $11,398.38 from Global in compulsory arbitration pursuant to Insurance Law § 5105. Despite finding that the livery vehicle insured by Global was 100% at fault in the happening of the accident, and notwithstanding Liberty Mutual's submission of a payment ledger detailing the payments it made for various medical services, the arbitrator determined that Liberty Mutual did not properly manage the medical claims and awarded it only $5,699.19, or 50% of the amount sought. Liberty Mutual thereafter commenced this proceeding pursuant to CPLR 7511 to vacate the arbitration award, contending that the arbitrator erred in awarding it damages of only $5,699.19, rather than the full amount of $11,398.38, and Global cross-petitioned to confirm the award. The Supreme Court granted Liberty Mutual's petition and denied Global's cross petition, determining that there was no evidence to support the arbitrator's findings. We affirm.

While judicial review of arbitration awards is limited to the grounds set forth in CPLR 7511, an award that is the product

of compulsory arbitration, such as the one at issue in this case, "must satisfy an additional layer of judicial scrutiny—it 'must have evidentiary support and cannot be arbitrary and capricious' " (*City School Dist. of the City of N.Y. v McGraham*, 17 NY3d 917, 919 [2011], quoting *Matter of Motor Veh. Acc. Indem. Corp. v Aetna Cas. & Sur. Co.*, 89 NY2d 214, 223 [1996]; *see Matter of Fiduciary Ins. Co. v American Bankers Ins. Co. of Florida*, 132 AD3d 40, 46 [2015]; *Matter of Travelers Indem. Co. v United Diagnostic Imaging, P.C.*, 70 AD3d 1043 [2010]; *Matter of Mercury Cas. Co. v Healthmakers Med. Group, P.C.*, 67 AD3d 1017 [2009]).

Here, in response to Liberty Mutual's submission of evidence establishing the medical payments for which it sought reimbursement, Global failed to produce any evidence that any of the medical claims were improperly paid (*see generally State Farm Mut. Auto. Ins. Co. v Stack*, 55 AD3d 594, 595 [2008]). Accordingly, the arbitrator's determination that Liberty Mutual was not entitled to full reimbursement was not supported by evidence in the record and was arbitrary and capricious (*see generally Matter of Progressive Cas. Ins. Co. v New York State Ins. Fund*, 47 AD3d 633, 634 [2008]). Under these circumstances, the Supreme Court properly granted Liberty Mutual's petition and denied Global's cross petition. Chambers, J.P., Dickerson, Miller and Brathwaite Nelson, JJ., concur.