Matter of Allstate Ins. Co. v Travelers Cos., Inc. (2018 NY Slip Op 02163)





Matter of Allstate Ins. Co. v Travelers Cos., Inc.


2018 NY Slip Op 02163


Decided on March 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
SANDRA L. SGROI
VALERIE BRATHWAITE NELSON, JJ.


2016-01976
2016-04745
 (Index No. 15791/15)

[*1]In the Matter of Allstate Insurance Company, appellant, 
v
Travelers Companies, Inc., respondent.


Sweetbaum & Sweetbaum, Lake Success, NY (Marshall D. Sweetbaum and John S. McDonnell of counsel), for appellant.
Farber Brocks & Zane LLP, Garden City, NY (Tracy L. Frankel and William R. Brocks, Jr., of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to vacate an arbitration award dated June 9, 2015, the petitioner appeals from (1) an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated December 9, 2015, which denied the petition and granted the application of Travelers Companies, Inc., to confirm the award, and (2) a judgment of the same court entered March 24, 2016, which, upon the order, is in favor of Travelers Companies, Inc., and against the petitioner in the principal sum of $25,000.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to Travelers Companies, Inc.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
An individual insured by Allstate Insurance Company (hereinafter Allstate) and an individual insured by Travelers Companies, Inc. (hereinafter Travelers), were involved in a motor vehicle accident. In connection with that accident, Travelers paid its insured $75,000, representing coverage for basic economic loss and optional basic economic loss. Pursuant to Insurance Law § 5105(a), Allstate reimbursed Travelers in the amount of $50,000 for the payment made to Travelers' insured. Travelers then sought, through arbitration, to recover from Allstate the remainder of its payment to the insured. The matter was submitted to an arbitration panel. The arbitrators determined that Travelers was entitled to recoup the entire $75,000 payment to its insured and awarded Travelers $25,000.
Allstate filed a petition in the Supreme Court to vacate the arbitration award. [*2]Travelers opposed the petition, and requested that the award be confirmed. In an order dated December 9, 2015, the Supreme Court denied the petition and confirmed the award. The court then issued a judgment in favor of Travelers in the principal sum of $25,000. Allstate appeals.
To be upheld, an award in a compulsory arbitration proceeding such as this one (see Insurance Law § 5105[b]) "must have evidentiary support and cannot be arbitrary and capricious" (Matter of Motor Veh. Acc. Indem. Corp. v Aetna Cas. & Sur. Co., 89 NY2d 214, 223; see Matter of Fiduciary Ins. Co. v American Bankers Ins. Co. of Florida, 132 AD3d 40, 45-46; Matter of Tri State Consumer Ins. Co. v High Point Prop. & Cas. Co., 127 AD3d 980; Matter of Public Serv. Mut. Ins. Co. v Fiduciary Ins. Co. of Am., 123 AD3d 933). "Moreover, with respect to determinations of law, the applicable standard in mandatory no-fault arbitrations is whether any reasonable hypothesis can be found to support the questioned interpretation'" (Matter of Fiduciary Ins. Co. v American Bankers Ins. Co. of Florida, 132 AD3d at 46, quoting Matter of Shand [Aetna Ins. Co.], 74 AD2d 442, 454; see Matter of Motor Veh. Acc. Indemn. Corp. v Aetna Cas. & Sur. Co., 89 NY2d at 224).
Here, the arbitrators' determination that Travelers was entitled to recoup the entire payment made to its insured pursuant to basic economic loss and optional basic economic loss coverage was not arbitrary and capricious. Rather, it was rationally based on the relevant statutes and regulations (see Insurance Law § 5102[a], [b]; 11 NYCRR 65-1.1, 65-1.2).
Travelers' remaining contentions either are without merit or need not be reached in light of our determination.
AUSTIN, J.P., ROMAN, SGROI and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court