Matter of Jewish Ctr. of Forest Hills W., Inc. v Goldberg (2018 NY Slip Op 02325)





Matter of Jewish Ctr. of Forest Hills W., Inc. v Goldberg


2018 NY Slip Op 02325


Decided on April 4, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 4, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOHN M. LEVENTHAL
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2015-10304
 (Index No. 700753/15)

[*1]In the Matter of Jewish Center of Forest Hills West, Inc., appellant, 
v
Geoffrey Goldberg, respondent.


Storzer & Associates, P.C., New York, NY (Robert L. Greene, Jr., of counsel), for appellant.
Sazer, P.C., Mineola, NY (Gary Sazer and John J. Leen of counsel), for respondent.



DECISION & ORDER
Appeal by the petitioner from a judgment of the Supreme Court, Queens County (Robert L. Nahman, J.), entered August 26, 2015. The judgment denied the petition filed pursuant to CPLR article 75, which sought a permanent stay of arbitration of a claim alleging breach of contract, and dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
The petitioner, Jewish Center of Forest Hills West, Inc. (hereinafter the Jewish Center), is a synagogue in Queens. On August 1, 2011, the Jewish Center's board of directors (hereinafter the board) entered into a contract with the respondent, Geoffrey Goldberg, pursuant to which Goldberg was to serve as rabbi of the synagogue for a two-year term ending July 31, 2013. Pursuant to the terms of the contract, unless either party notified the other in writing no later than February 1, 2013, the agreement would continue in force for another two-year period at the same terms and conditions, and a salary adjustment would be negotiated between the parties. The contract contained a clause requiring, in the event of a dispute, the parties to use the alternative dispute resolution procedures of the United Synagogue of Conservative Judaism (hereinafter USCJ) and the Rabbinical Assembly, including USCJ's arbitration procedures.
On January 17, 2013, the president of the board delivered to Goldberg a one-sentence letter reading, "Per requirements, this is to notify you that your contract will not be renewed as written." Thereafter, Goldberg and the board entered into contract negotiations, but were unable to reach an agreement. On July 22, 2013, the president of the board delivered a second letter to Goldberg stating, in relevant part, "this is to officially inform you that the Board of Directors voted not to renew your contract at its expiration July 30, 2013."
On October 15, 2013, Goldberg filed a request for mediation and/or arbitration with the USCJ alleging wrongful nonrenewal of his contract and seeking reinstatement as rabbi of the Jewish Center. The parties engaged in mediation and arbitration. Although the Jewish Center objected to certain issues raised by Goldberg being decided in arbitration, it did not dispute the validity of the employment agreement and the arbitration clause included therein. On January 8, 2015, the chair of the USCJ arbitration panel issued a preliminary ruling delineating, inter alia, the scope of the dispute before the panel. The Jewish Center requested reconsideration of this ruling. [*2]In a February 9, 2015, ruling, the panel chair adhered to his previous ruling.
Meanwhile, on February 6, 2015, the Jewish Center commenced this proceeding in the Supreme Court pursuant to CPLR article 75 seeking a stay of arbitration, arguing, inter alia, that there was no valid agreement to arbitrate and any challenge to the action of the board was barred by the statute of limitations. The court found that, by participating in the arbitration process, the Jewish Center had waived its right to seek a stay of arbitration, and denied the petition and dismissed the proceeding on that basis. The Jewish Center appeals.
Pursuant to CPLR 7503(b), "a party who has not participated in the arbitration and who has not made or been served with an application to compel arbitration, may apply to stay arbitration on the ground that a valid agreement was not made or has not been complied with or that the claim sought to be arbitrated is barred by [the statute of] limitation[s]" (emphasis added). The statute requires that a party raise these threshold issues before participating in arbitration (see Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of N.Y., 1 NY3d 72, 79; cf. CPLR 7502[b]). Consequently, a party, such as the Jewish Center, which participates in arbitration, waives the right to later object to the arbitration on the grounds that a valid agreement to arbitrate was not made or that the claim sought to be arbitrated is barred by the statute of limitations (see Matter of Silverman [Benmor Coats], 61 NY2d 299, 307; Matter of Tri State Consumer Ins. Co. v High Point Prop. & Cas. Co., 127 AD3d 980, 981; Matter of Allstate Ins. Co. v New York Petroleum Assn. Compensation Trust, 104 AD3d 682; Matter of Utica Mut. Ins. Co. v Incorporated Vil. of Floral Park, 262 AD2d 565, 566). Inasmuch as the Jewish Center argues that the arbitrator is exceeding the scope of its authority in the course of a pending arbitation, these arguments are more properly the subject of a motion to vacate an arbitration award (see CPLR 7511[b][1][iii]; Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of N.Y., 1 NY3d at 79; Matter of Silverman [Benmor Coats], 61 NY2d at 307). Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding.
SCHEINKMAN, P.J., LEVENTHAL, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court