Matter of O'Neill v GEICO Ins. Co. (2018 NY Slip Op 04328)





Matter of O'Neill v GEICO Ins. Co.


2018 NY Slip Op 04328


Decided on June 13, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 13, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
SYLVIA O. HINDS-RADIX
ANGELA G. IANNACCI, JJ.


2016-01396
 (Index No. 705077/15)

[*1]In the Matter of Heather O'Neill, appellant, 
v
GEICO Insurance Company, respondent.


Jason Tenenbaum, P.C., Garden City, NY, for appellant.
Gail S. Lauzon (Russo & Tambasco, Melville, NY [Susan J. Mitola], of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to vacate an arbitration award, the petitioner appeals from an order of the Supreme Court, Queens County (Thomas D. Raffaele, J.), dated January 22, 2016. The order denied the petition pursuant to CPLR article 75 to vacate the arbitration award.
ORDERED that the order is affirmed, with costs.
On August 6, 2012, a vehicle owned and operated by the petitioner was struck in the rear by a vehicle owned and operated by Omau Kwende Channer. Both vehicles were insured by the respondent, GEICO Insurance Company (hereinafter GEICO). Following the accident, the petitioner commenced an action against Channer to recover damages for personal injuries she allegedly sustained as a result of the accident. She obtained summary judgment in her favor on the issue of liability, after which GEICO settled that action for the sum of $25,000, which was the full limit on the insurance policy held by Channer. Thereafter, the petitioner made a claim, under her own policy with GEICO, for supplemental underinsured motorist (hereinafter SUM) benefits in the amount of $275,000. GEICO denied the SUM claim, arguing that the injury for which the petitioner sought SUM compensation (hereinafter the subject injury) was not the result of the motor vehicle accident. In response, the petitioner made a demand for arbitration.
A SUM arbitration hearing was held on January 23, 2015, and the parties submitted, inter alia, the petitioner's medical records and independent medical examination and peer review reports commissioned by GEICO. In an award dated March 2, 2015, the arbitrator concluded that the subject injury was not the result of the motor vehicle accident, and therefore denied the petitioner's SUM claim. Thereafter, the petitioner commenced this CPLR article 75 proceeding to vacate the SUM arbitration award. She argued that the award was arbitrary and capricious, irrational, and that the arbitrator exceeded his authority by failing to preclude GEICO from disputing causation since GEICO had taken a prior inconsistent position on that issue by paying no-fault benefits related to the subject injury. By order dated January 22, 2016, the Supreme Court denied the petition. The petitioner appeals.
Judicial review of arbitration awards is extremely limited (see Matter of County of Nassau v Civil Serv. Empls. Assn., 150 AD3d 1230, 1230; Matter of Fiduciary Ins. Co. v American Bankers Ins. Co. of Florida., 132 AD3d 40, 45). Pursuant to CPLR 7511(b)(1)(iii), a court may [*2]vacate an arbitration award if the arbitrator "exceeded his power or so imperfectly executed it that a final and definite award upon the subject matter submitted was not made." However, vacatur of an award pursuant to this provision is warranted " only if it violates a strong public policy, is irrational, or clearly exceeds a specifically enumerated limitation on the arbitrator's power'" (Matter of Vintage Flooring & Tile, Inc. v DCM of NY, LLC, 123 AD3d 731, 732, quoting Matter of Falzone [New York Cent. Mut. Fire Ins. Co.], 15 NY3d 530, 534; see Matter of Peterson v Katonah-Lewisboro UFSD, 134 AD3d 1125, 1125). " An award is irrational when there is no proof whatever to justify the award'" (Matter of Peterson v Katonah-Lewisboro UFSD, 134 AD3d at 1125, quoting Matter of Vintage Flooring & Tile, Inc. v DCM of NY, LLC, 123 AD3d at 732; see Matter of Falzone [New York Cent. Mut. Fire Ins. Co.], 15 NY3d at 534).
Where, as here, an arbitration award is the product of compulsory arbitration, the award " must satisfy an additional layer of judicial scrutiny—it must have evidentiary support and cannot be arbitrary and capricious'" (Matter of Liberty Mut. Fire Ins. Co. v Global Liberty Ins. Co. of N.Y., 144 AD3d 1160, 1161, quoting City School Dist. of the City of N.Y. v McGraham, 17 NY3d 917, 919 [internal quotation marks omitted]; see Matter of Motor Veh. Acc. Indem. Corp. v Aetna Cas. & Sur. Co., 89 NY2d 214, 223; Matter of Fiduciary Ins. Co. v American Bankers Ins. Co. of Florida., 132 AD3d at 46).
Here, the arbitrator's determination was rational, supported by evidence, and not arbitrary and capricious. Moreover, while the petitioner contends that the arbitrator exceeded the scope of his authority by disregarding GEICO's prior inconsistent position, taken in the no-fault context, the alleged error was, at most, an error of law which would not warrant vacatur of the arbitration award (see Matter of Falzone [New York City Cent. Mut. Fire Ins. Co.], 15 NY3d at 534).
The petitioner's remaining contentions are without merit.
MASTRO, J.P., RIVERA, HINDS-RADIX and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court