Matter of Hereford Ins. Co. v American Tr. Ins. Co. (2019 NY Slip Op 05778)





Matter of Hereford Ins. Co. v American Tr. Ins. Co.


2019 NY Slip Op 05778


Decided on July 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2018-04730
 (Index No. 714309/17)

[*1]In the Matter of Hereford Insurance Company, as subrogee of Samuel Mensah, respondent,
v
American Transit Insurance Company, appellant.


Law Offices of Richard A. Reinstein, P.C., Brooklyn, NY (Joshua M. Goldberg of counsel), for appellant.
Goldberg, Miller & Rubin, P.C., New York, NY (Harlan R. Schreiber and Timothy R. Bishop of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to confirm an arbitration award dated April 13, 2017, American Transit Insurance Company appeals from an order of the Supreme Court, Queens County (Cheree A. Buggs, J.), entered March 26, 2018. The order granted the petition to confirm the arbitration award.
ORDERED that the order is affirmed, with costs.
On May 15, 2015, a vehicle insured by Hereford Insurance Company (hereinafter Hereford) and owned by Samuel Mensah, and a vehicle insured by American Transit Insurance Company (hereinafter ATIC), were involved in a motor vehicle accident. As a result of the accident, Hereford paid a total of $70,027.94 in benefits to the injured party.
Thereafter, Hereford sought to recover the sum of $50,000 from ATIC in compulsory arbitration pursuant to Insurance Law § 5105. Of the $50,000 sought by Hereford, ATIC "disput[ed] the total of $16,551.89 over paid for services rendered in New Jersey." The arbitrator determined that ATIC's insured was 100% at fault in the happening of the accident. The arbitrator also determined that Hereford had proved all damages and awarded Hereford the sum of $50,000.
On October 16, 2017, Hereford, as subrogee of Mensah, commenced this proceeding pursuant to CPLR article 75 to confirm the arbitration award. ATIC opposed the petition, and requested that the award be vacated. In an order entered March 26, 2018, the Supreme Court granted the petition to confirm the award, determining that, "based upon the parties' submissions, there [was] no basis to vacate the arbitrator's award." The court also noted that "[t]he fee schedule defenses were raised by [ATIC] in full detail in its contentions and fully considered by the arbitrator." ATIC appeals.
"While judicial review of arbitration awards is limited to the grounds set forth in CPLR 7511, an award that is the product of compulsory arbitration, such as the one at issue in this case, must satisfy an additional layer of judicial scrutiny—it must have evidentiary support and cannot be arbitrary and capricious" (Matter of Liberty Mut. Fire Ins. Co. v Global Liberty Ins. Co. [*2]of N.Y., 144 AD3d 1160, 1160-1161 [internal quotation marks omitted]; see Matter of Motor Veh. Acc. Indem. Corp. v Aetna Cas. & Sur. Co., 89 NY2d 214; Matter of Allstate Ins. Co. v Travelers Cos., Inc., 159 AD3d 982). "Moreover, with respect to determinations of law, the applicable standard in mandatory no-fault arbitrations is whether any reasonable hypothesis can be found to support the questioned interpretation'" (Matter of Fiduciary Ins. Co. v American Bankers Ins. Co. of Florida, 132 AD3d 40, 46, quoting Matter of Shand [Aetna Ins. Co.], 74 AD2d 442, 454).
Here, the arbitrator's determination that Hereford was entitled to recoup $50,000 for the benefits paid to the injured party was not arbitrary and capricious. "[E]ven assuming that the arbitrator might have misapplied applicable law . . . the arbitrator's award was . . . supported by a reasonable hypothesis' and was not contrary to what could be fairly described as settled law" (Matter of State Farm Mut. Auto. Inc. Co. v Lumbermens Mut. Cas. Co., 18 AD3d 762, 763, quoting Matter of Motor Veh. Acc. Indem. Corp. v Aetna Cas. & Sur. Co., 89 NY2d at 224).
ATIC's remaining contention is without merit.
Accordingly, we agree with the Supreme Court's determination to grant the petition to confirm the arbitration award.
MASTRO, J.P., MILLER, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court