Matter of Wesco Ins. Co. v GEICO Indem. Co. (2022 NY Slip Op 06933)

Matter of Wesco Ins. Co. v GEICO Indem. Co.

2022 NY Slip Op 06933

Decided on December 7, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 7, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ANGELA G. IANNACCI
WILLIAM G. FORD
HELEN VOUTSINAS, JJ.

2020-00642
 (Index No. 614038/19)

[*1]In the Matter of Wesco Insurance Company, etc., respondent, 
v
GEICO Indemnity Company, etc., appellant.

Harriette G. Zelman (Scahill Law Group, P.C., Bethpage, NY [David J. Tetlak], of counsel), for appellant.
McDonnell Adels & Klestzick, PLLC, Garden City, NY (Jannine A. Gardineer of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to vacate an arbitration award dated July 11, 2019, GEICO Indemnity Company appeals from an order of the Supreme Court, Nassau County (Jeffrey S. Brown, J.), entered December 16, 2019. The order granted the petition to vacate the arbitration award, vacated the arbitration award, and remitted the matter to the arbitrator for a rehearing and new determination.
ORDERED that the order is reversed, on the law, with costs, the petition is denied, and the proceeding is dismissed.
In August 2017, nonparty Sarah Pierre was injured when she was involved in a motor vehicle collision while operating a loaner vehicle owned by nonparty Bay Ridge Volvo and insured by Wesco Insurance Company (hereinafter Wesco). GEICO Indemnity Company (hereinafter GEICO) paid basic no-fault benefits to Pierre for her injuries pursuant to an automobile liability policy issued to her (hereinafter the GEICO policy). GEICO thereafter sought to recover from Wesco the benefits paid to Pierre in a compulsory arbitration proceeding. In an arbitration award dated July 11, 2019, the arbitrator determined that Wesco, as insurer of the loaner vehicle operated by Pierre, was liable for the benefits paid to Pierre.
In October 2019, Wesco commenced this proceeding to vacate the arbitration award, and, in an order entered December 18, 2019, the Supreme Court granted the petition, vacated the arbitration award, and remitted the matter to the arbitrator for a rehearing and new determination. GEICO appeals.
Where, as here, the obligation to arbitrate arises through a statutory mandate, the arbitrator's determination is subject to "closer judicial scrutiny" under CPLR 7511(b) than it would receive had the arbitration been conducted pursuant to a voluntary agreement between the parties (Matter of Motor Veh. Acc. Indem. Corp. v Aetna Cas. & Sur. Co., 89 NY2d 214, 223; see Matter of Progressive Cas. Ins. Co. v New York State Ins. Fund, 47 AD3d 633, 634). To be upheld, an [*2]award in a compulsory arbitration proceeding "must have evidentiary support and cannot be arbitrary and capricious" (Matter of Motor Veh. Acc. Indem. Corp. v Aetna Cas. & Sur. Co., 89 NY2d at 223; see Matter of Allstate Ins. Co. v Travelers Cos., Inc., 159 AD3d 982, 983; Matter of Fiduciary Ins. Co. v American Bankers Ins. Co. of Florida, 132 AD3d 40, 45-46; Matter of Tri State Consumer Ins. Co. v High Point Prop. & Cas. Co., 127 AD3d 980, 981). "Moreover, with respect to determinations of law, the applicable standard in mandatory no-fault arbitrations is whether 'any reasonable hypothesis can be found to support the questioned interpretation'" (Matter of Fiduciary Ins. Co. v American Bankers Ins. Co. of Florida, 132 AD3d at 46, quoting Matter of Shand [Aetna Ins. Co.], 74 AD2d 442, 454).
Here, the arbitrator's determination that Wesco was liable for the benefits paid to Pierre was not arbitrary and capricious and was supported by the evidence. The mandatory personal injury protection (hereinafter PIP) endorsement in the GEICO policy excluded coverage for injuries sustained by the insured while occupying a vehicle other than the "Insured motor vehicle, with respect to which the coverage required by the New York Comprehensive Motor Vehicle Insurance Reparations Act is in effect." The PIP endorsement defined "Insured motor vehicle" as a motor vehicle owned by the "insured and to which the bodily injury liability insurance of [the GEICO] policy applies and for which a specific premium is charged." Since, among other things, the loaner vehicle was not owned by Pierre, the insured, it was not an "Insured motor vehicle" within the meaning of the PIP endorsement. Accordingly, the PIP endorsement in the GEICO policy did not provide coverage for the injuries Pierre sustained while operating the loaner vehicle.
Contrary to Wesco's contention, the fact that the loaner vehicle constituted a "temporary substitute auto" pursuant to the separate "Bodily Injury Liability" section of the GEICO policy did not result in coverage pursuant to the mandatory PIP endorsement, as the definition of "Insured motor vehicle" in the PIP endorsement did not include a "temporary substitute auto." Contrary to Wesco's further contention, Pierre's agreement with Bay Ridge Volvo, which authorized her to operate the loaner vehicle, did not relieve Wesco of its obligation to provide mandatory PIP coverage for Pierre (see 11 NYCRR 65-1.1, 65-1.7).
Accordingly, the Supreme Court should have denied Wesco's petition and dismissed the proceeding.
Wesco's remaining contention is without merit.
CONNOLLY, J.P., IANNACCI, FORD and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court