Matter of GEICO Gen. Ins. Co. v Wesco Ins. Co. (2022 NY Slip Op 06926)

Matter of GEICO Gen. Ins. Co. v Wesco Ins. Co.

2022 NY Slip Op 06926

Decided on December 7, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 7, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ANGELA G. IANNACCI
WILLIAM G. FORD
HELEN VOUTSINAS, JJ.

2020-04281
 (Index No. 714285/19)

[*1]In the Matter of GEICO General Insurance Company, etc., appellant, 
v
Wesco Insurance Company, respondent.

Harriette G. Zelman (Scahill Law Group, P.C., Bethpage, NY [David J. Tetlak], of counsel), for appellant.
McDonnell Adels & Klestzick, PLLC, Garden City, NY (Jannine A. Gardineer of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to vacate an arbitration award dated May 30, 2019, the petitioner appeals from an order of the Supreme Court, Queens County (Leonard Livote, J.), entered May 13, 2020. The order denied the petition and dismissed the proceeding.
ORDERED that the order is reversed, on the law, with costs, the petition is granted, the arbitration award dated May 30, 2019, is vacated, and the matter is remitted to the Supreme Court, Queens County, to remit the matter to the arbitrator for further proceedings consistent herewith.
In April 2018, nonparty Biru Saha entered into a rental agreement with nonparty New Country Motor Car Group, Inc. (hereinafter New Country), which authorized Saha to operate a loaner vehicle owned by New Country and insured by Wesco Insurance Company (hereinafter Wesco). Thereafter, Saha was injured when he was involved in a motor vehicle collision while operating the loaner vehicle. GEICO General Insurance Company (hereinafter GEICO) paid basic no-fault benefits to Saha for his injuries pursuant to an automobile liability policy issued to him. GEICO thereafter sought to recover the benefits paid to Saha from Wesco in a compulsory arbitration proceeding. In an arbitration award dated May 30, 2019, the arbitrator determined that GEICO was liable for the benefits paid to Saha.
In August 2019, GEICO commenced this proceeding to vacate the arbitration award. The Supreme Court denied the petition and dismissed the proceeding. GEICO appeals.
Where, as here, the obligation to arbitrate arises through a statutory mandate, the arbitrator's determination is subject to "closer judicial scrutiny" under CPLR 7511(b) than it would receive had the arbitration been conducted pursuant to a voluntary agreement between the parties (Matter of Motor Veh. Acc. Indem. Corp. v Aetna Cas. & Sur. Co., 89 NY2d 214, 223; see Matter of Progressive Cas. Ins. Co. v New York State Ins. Fund, 47 AD3d 633, 634). To be upheld, an award in a compulsory arbitration proceeding "must have evidentiary support and cannot be arbitrary and capricious" (Matter of Motor Veh. Acc. Indem. Corp. v Aetna Cas. & Sur. Co., 89 NY2d at 223; [*2]see Matter of Allstate Ins. Co. v Travelers Cos., Inc., 159 AD3d 982, 983; Matter of Fiduciary Ins. Co. v American Bankers Ins. Co. of Florida, 132 AD3d 40, 45-46; Matter of Tri State Consumer Ins. Co. v High Point Prop. & Cas. Co., 127 AD3d 980, 981). "Moreover, with respect to determinations of law, the applicable standard in mandatory no-fault arbitrations is whether 'any reasonable hypothesis can be found to support the questioned interpretation'" (Matter of Fiduciary Ins. Co. v American Bankers Ins. Co. of Florida, 132 AD3d at 46, quoting Matter of Shand [Aetna Ins. Co.], 74 AD2d 442, 454).
Here, the arbitrator's determination that GEICO was liable for the benefits paid to Saha was arbitrary and capricious and not supported by the evidence. The arbitrator's interpretation of the rental agreement between Saha and New Country as relieving Wesco of its obligation to provide mandatory personal injury protection (hereinafter PIP) coverage was contrary to 11 NYCRR part 65, which provides, in effect, that all motor vehicle insurance policies must contain a mandatory PIP endorsement; expressly sets forth the language of the PIP endorsement; permits deviations from the prescribed language only upon prior approval; and prohibits any release, express or implied, from mandatory or optional PIP benefits (see 11 NYCRR 65-1.1, 65-1.7, 65-3.18). Moreover, for the reasons set forth in Matter of Wesco Insurance Co. v GEICO Indemnity Co. ( _____ AD3d _____ [Appellate Division Docket No. 2020-00642; decided herewith]), the arbitrator's determination that GEICO's policy provided coverage to Saha under the circumstances of this case was not supported by any evidence in the record. Accordingly, the Supreme Court should have vacated the arbitration award (see Matter of Tri State Consumer Ins. Co. v High Point Prop. & Cas. Co., 127 AD3d at 981; Matter of Progressive Cas. Ins. Co. v New York State Ins. Fund, 47 AD3d at 634; Matter of Allstate Ins. Co. v American Arbitration Assn., 26 AD3d 374).
CONNOLLY, J.P., IANNACCI, FORD and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court