■ STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent, v NATIONWIDE MUTUAL INSURANCE COMPANY, Appellant.—Levine, J. Appeal from an order of the Supreme Court (Fischer, J.), entered May 26, 1988 in Broome County, which denied defendant's motion to dismiss the complaint for failure to state a cause of action.

In July 1985, Mark Yeager, riding a bicycle, was injured when he was struck by a car operated by Stephen Kastenhu-

ber and owned by Carol Van Ostrand. Yeager's claim for no-fault benefits was denied by Van Ostrand's automobile insurance carrier, Nationwide Mutual Insurance Company (hereinafter Nationwide), on the ground that the Van Ostrand vehicle was being driven without the owner's consent and, hence, there was no coverage. Yeager then successfully obtained no-fault benefits from the insurance carrier for his own automobile, State Farm Mutual Automobile Insurance Company (hereinafter State Farm). State Farm thereafter commenced an arbitration proceeding pursuant to Insurance Law § 5105 to recover from Nationwide the payments it made to its insured. The arbitration panel issued a decision that the coverage issue raised by Nationwide was beyond its jurisdiction and declined to hear the case.

State Farm then brought the instant action for a declaratory judgment seeking a judicial determination that Nationwide is liable for no-fault benefits payable to Yeager for his injuries from being struck by the vehicle owned by Nationwide's insured. Nationwide appeals from Supreme Court's denial of its motion to dismiss the complaint made on the ground that State Farm's sole remedy for recovery against another insurer for first-party no-fault benefits it paid is by way of arbitration under Insurance Law § 5105.

We agree with Nationwide's position that no action at law exists to adjudicate this dispute between insurers over liability for first-party no-fault benefits and that the arbitration panel erred in refusing to entertain the claim. Insurance Law § 5105 (b) explicitly provides that mandatory arbitration is the sole remedy regarding disputes between insurers over responsibility for payment of first-party benefits (see, State-Wide Ins. Co. v Buffalo Ins. Co., 105 AD2d 315, 318, appeal dismissed 64 NY2d 1041; Matter of Amica Mut. Ins. Co. [Reaves—Selected Risks Ins. Co.], 70 AD2d 811).

The arbitration panel, in arriving at a contrary conclusion, apparently relied upon language in the regulations promulgated pursuant to Insurance Law § 5105 stating that the section is inapplicable to cases where an insurer in good faith defends a claim on the basis of lack of coverage (11 NYCRR 65.10 [a] [5]). Such reliance, however, was in our view erroneous. First, as so construed, the regulations were in direct conflict with the express provisions of the governing statute and, therefore, should have been disregarded (see, Kurcsics v Merchants Mut. Ins. Co., 49 NY2d 451, 459). Second, the instant dispute may be characterized as one over sources and priority of payment of first-party benefits (see, 11 NYCRR

65.15 [j]), in which case the regulations provide that "[it] is not considered a coverage question" (11 NYCRR 65.10 [a] [5]). Finally, even if the dispute between the parties is properly considered to hinge on a claim of lack of coverage as provided under the regulations, Nationwide, in its written answer to the demand for arbitration, expressly declined to object to arbitration. Under the regulations, arbitration of a coverage defense to no-fault benefit liability is mandated if the insurer asserting the defense consents thereto in writing (11 NYCRR 65.10 [a] [5]).

It follows from the foregoing that Supreme Court lacked jurisdiction to adjudicate the dispute between the parties over their respective responsibilities for paying no-fault benefits to Yeager. However, the court had personal jurisdiction over the parties and clearly had before it the erroneous determination of the arbitration panel, which was reviewable as lacking a rational basis under CPLR article 75 (see, Matter of Cady [Aetna Life & Cas. Co.], 96 AD2d 967, 969, affd 61 NY2d 594). We think the appropriate procedure under the circumstances is to convert this action to a proceeding for such relief, grant the petition since the facts are conceded, and remit the matter to the arbitration panel for a hearing on the dispute (see, CPLR 103 [c]; Port Chester Elec. Constr. Corp. v Atlas, 40 NY2d 652, 653; Shah v New York Foundling Hosp., 69 AD2d 899, 900).

Order modified, on the law, without costs, by converting plaintiff's action to a proceeding under CPLR article 75; decision of the arbitration panel vacated and matter remitted to the arbitration panel for further proceedings not inconsistent with this court's decision; and, as so modified, affirmed. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.