■ In the Matter of SARAH YARMAK, Appellant, v PENSON FINANCIAL SERVICES INC., Respondent. [45 NYS3d 446]—

Order and judgment (one paper), Supreme Court, New York County (Jeffrey K. Oing, J.), entered November 30, 2015, denying the petition to vacate an arbitration award, confirming the award, which dismissed petitioner's claims against respondent, and dismissing the petition, unanimously affirmed, without costs.

Even if the arbitrators' dismissal of petitioner's claims prior to the completion of her case in chief violated Financial Industry Regulatory Authority (FINRA) Manual rule 12504, which provides that dismissals at such an early juncture are "discouraged," the arbitrators were entitled to interpret the rule (FINRA Manual rule 12409). In any event, any error in interpretation is a mere error of law that does not provide a basis for vacatur (*see Wien & Malkin LLP v Helmsley-Spear, Inc.,* 6 NY3d 471, 479 [2006], *cert dismissed* 548 US 940 [2006]). The same holds true with respect to the arbitrators' application of the Texas statute of limitations pursuant to the choice of law clause in the parties' agreement.

We have considered petitioner's other contentions and find them unavailing. Concur—Sweeny, J.P., Renwick, Andrias, Kahn and Gesmer, JJ.