■ In the Matter of INFINITY INDEMNITY INSURANCE CO., Appellant, v HEREFORD INS. CO., as Subrogee of Fatimah Salaam and Another, Respondent. [53 NYS3d 181]—

In a proceeding pursuant to CPLR 7511 to vacate two arbitration awards, both dated March 11, 2014, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Silber, J.) entered June 17, 2015, which denied the petition, in effect, dismissed the proceeding, and granted the respondent's cross petition to confirm the awards.

Ordered that the order and judgment is affirmed, with costs.

Pursuant to Insurance Law § 5105, the respondent, as subrogee of Fatimah Salaam and Kim McCorey, commenced two related loss-transfer arbitration proceedings against the petitioner arising out of payments the respondent made in connection with a collision between two vehicles, one of which had been insured by the petitioner and the other by the respondent. The respondent paid first-party benefits to Salaam and McCorey, who had been passengers in a "for hire" vehicle insured by the respondent that was struck in the rear by the other vehicle, which, at the time of the accident, was insured by the petitioner. The petitioner participated in the arbitration and opposed any payments to the respondent, arguing that, after the accident, it had rescinded its policy retroactively, so that it provided no coverage as of the date of the accident. The arbitrator, rejecting that argument, made two awards in favor of the respondent. The petitioner commenced this proceeding pursuant to CPLR 7511 to vacate the awards, and the respondent cross-petitioned to confirm the awards. In the order and judgment appealed from, the Supreme Court denied the petition and granted the cross petition. The petitioner appeals from the order and judgment, contending, inter alia, that the arbitrator was without jurisdiction to decide the issue and that the arbitrator should have applied Pennsylvania rather than New York law because the subject policy was procured in Pennsylvania. We affirm.

The petitioner's contention that, pursuant to 11 NYCRR 65-4.11 (a) (6), its "good faith" retroactive denial of insurance coverage divested the arbitrator of jurisdiction is without merit (*see State Farm Mut. Auto. Ins. Co. v Nationwide Mut. Ins. Co.*, 150 AD2d 976, 977-978 [1989]). Insurance Law § 5105 (b) provides that arbitration is the only forum in which a loss-transfer claim may be litigated (*see Paxton Natl. Ins. Co. v Merchants Mut. Ins. Co.*, 74 AD2d 715, 716 [1980]). Moreover, "the contention that a claim proposed to be submitted to arbitration is in excess of the arbitrator's power is waived unless raised by an application for a stay" (*Matter of Silverman*

*[Benmor Coats]*, 61 NY2d 299, 309 [1984]; *see Matter of All-state Ins. Co. v New York Petroleum Assn. Compensation Trust*, 104 AD3d 682 [2013]; *Matter of Philadelphia Ins. Co. [Utica Natl. Ins. Group]*, 97 AD3d 1153 [2012]; *Matter of Utica Mut. Ins. Co. v Incorporated Vil. of Floral Park*, 262 AD2d 565 [1999]). By failing to apply for a stay of arbitration before arbitration, the petitioner waived its contention that the claim is not arbitrable under Insurance Law § 5105 (*see Rochester City School Dist. v Rochester Teachers Assn.*, 41 NY2d 578, 583 [1977]; *Matter of County of Onondaga [Civil Serv. Empls. Assn.]*, 248 AD2d 1026 [1998]; *Matter of Liberty Mut. Ins. Co. [Allstate Ins. Co.]*, 234 AD2d 901 [1996]; *Matter of Arner v Liberty Mut. Ins. Co.*, 233 AD2d 321 [1996]).

The petitioner also failed to establish any basis under CPLR 7511 (b) (1) to vacate the arbitration awards (*see Matter of Domotor v State Farm Mut. Ins. Co.*, 9 AD3d 367 [2004]). Moreover, any possible error by the arbitrator in applying New York law (*see* Vehicle and Traffic Law § 313 [1] [a]) rather than Pennsylvania law does not provide a basis for vacatur (*see Matter of Yarmak v Penson Fin. Servs. Inc.*, 146 AD3d 642 [2017]).

The petitioner's remaining contention is without merit.

Accordingly, we affirm the order and judgment. Rivera, J.P., Roman, Miller and Duffy, JJ., concur.