Repwest Ins. Co. v Hanif (2019 NY Slip Op 09047)





Repwest Ins. Co. v Hanif


2019 NY Slip Op 09047


Decided on December 18, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 18, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
SHERI S. ROMAN
COLLEEN D. DUFFY, JJ.


2018-05309
 (Index No. 512013/17)

[*1]Repwest Insurance Company, et al., respondents,
v
Nazim Hanif, et al., defendants, Hereford Insurance Company, appellant.


Goldberg, Miller & Rubin, P.C., New York, NY (Harlan R. Schreiber of counsel), for appellant.
Nicoletti Gonson Spinner Ryan Gulino Pinter LLP, New York, NY (Benjamin Gonson of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, for certain declaratory relief, the nominal defendant Hereford Insurance Company appeals from an order of the Supreme Court, Kings County (Andrew Borrok, J.), dated March 29, 2018. The order, insofar as appealed from, denied the motion of the nominal defendant Hereford Insurance Company for leave to enter a default judgment on its counterclaim for loss transfer pursuant to Insurance Law § 5105(a) insofar as asserted against the plaintiff Repwest Insurance Company and deemed the reply of the plaintiff Repwest Insurance Company to the counterclaim to have been served.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs to the plaintiff Repwest Insurance Company, and the counterclaim of the nominal defendant Hereford Insurance Company is dismissed for lack of subject matter jurisdiction.
The plaintiff Repwest Insurance Company (hereinafter Repwest) commenced this action for a judgment declaring, inter alia, that it has no duty to provide insurance coverage for any claims arising out of a collision between a livery vehicle insured by the nominal defendant Hereford Insurance Company (hereinafter Hereford) and a vehicle driven by the defendant Nazim Hanif and insured by Repwest. The defendants Dinorah Carmen Anglero, Dario Ferrer de la Cruz, and Ramon Duarte Garcia were passengers in the livery vehicle and no-fault benefits were paid on their behalf by Hereford. Repwest alleged that there is no coverage for the subject incident because it was not an accident, but rather the result of an intentional act/fraudulent scheme. Thereafter, Hereford interposed an answer to the complaint and asserted a counterclaim against Repwest, among others, for loss transfer pursuant to Insurance Law § 5105(a).
After Repwest failed to timely reply to the counterclaim, Hereford moved for leave to enter a default judgment on its counterclaim insofar as asserted against Repwest. The Supreme Court denied Hereford's motion and deemed Repwest's reply to the counterclaim to have been served. Hereford appeals.
Pursuant to Insurance Law § 5105(b), "[t]he sole remedy of any insurer or [*2]compensation provider to recover on a claim arising pursuant to subsection (a) hereof, shall be the submission of the controversy to mandatory arbitration pursuant to procedures promulgated or approved by the superintendent" (see Matter of Infinity Indem. Ins. Co. v Hereford Ins. Co., 149 AD3d 1075, 1076; see also State Farm Mut. Auto. Ins. Co. v Nationwide Mut. Ins. Co., 150 AD2d 976, 977). Contrary to Hereford's contention, since its counterclaim is for loss transfer pursuant to section 5105(a), the counterclaim is subject to mandatory arbitration and the Supreme Court had no subject matter jurisdiction over the counterclaim (see Insurance Law § 5105[b]; State Farm Mut. Auto. Ins. Co. v Nationwide Mut. Ins. Co., 150 AD2d at 977-978). Repwest's complaint and its disclaimer of coverage for the subject incident do not dictate a different result (see State Farm Mut. Auto. Ins. Co. v Nationwide Mut. Ins. Co., 150 AD2d at 977-978; DTG Operations, Inc. v American Tr. Ins. Co., 2013 NY Slip Op 30119[U] [Sup Ct, NY County]; 11 NYCRR 65-4.11[a][6]).
Although Repwest did not seek dismissal of the counterclaim in the Supreme Court, "a court's lack of subject matter jurisdiction is not waivable, but may be [raised] at any stage of the action, and the court may, ex mero motu [on its own motion], at any time, when its attention is called to the facts, refuse to proceed further and dismiss the action" (Financial Indus. Regulatory Auth., Inc. v Fiero, 10 NY3d 12, 17 [internal quotation marks omitted]; see Caffrey v North Arrow Abstract & Settlement Servs., Inc., 160 AD3d 121, 133). Since the court lacked subject matter jurisdiction over Hereford's counterclaim, the counterclaim should have been dismissed (see Empire Ins. Co. v Metropolitan Suburban Bus Auth., 159 AD2d 312, 312; see also State Farm Mut. Auto. Ins. Co. v Nationwide Mut. Ins. Co., 150 AD2d at 978).
In light of our determination, we need not reach the parties' remaining contentions.
RIVERA, J.P., DILLON, ROMAN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court