Matter of City of Newburgh v Leach (2021 NY Slip Op 04131)





Matter of City of Newburgh v Leach


2021 NY Slip Op 04131


Decided on June 30, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 30, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2019-00255 
2019-04751
 (Index No. 8693/16)

[*1]In the Matter of City of Newburgh, appellant,
v
Peter A. Leach, respondent.


Hodges Walsh & Burke, LLP, White Plains, NY (Paul E. Svensson of counsel), for appellant.
Rubino Law Firm, Yonkers, NY (JenniElena Rubino of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration of a claim for supplementary uninsured/underinsured motorist benefits, the City of Newburgh appeals from (1) an order of the Supreme Court, Orange County (Robert A. Onofry, J.), dated November 28, 2018, and (2) an order and judgment (one paper) of the same court dated April 1, 2019. The order denied the motion of the City of Newburgh for leave to reargue that branch of the petition which was to permanently stay arbitration, which had been denied in an order of the same court dated August 17, 2018. The order and judgment granted the motion of Peter A. Leach to confirm an arbitration award dated November 28, 2018, denied the cross motion of the City of Newburgh to vacate the arbitration award, and confirmed the arbitration award.
ORDERED that the appeal from the order dated November 28, 2018, is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the order and judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to Peter A. Leach.
In 2014, Peter A. Leach, then employed by the City of Newburgh as a police officer, was operating a police vehicle when that vehicle was struck in the rear by an underinsured vehicle. As a result, Leach sought to arbitrate a claim against the City for supplementary uninsured/underinsured motorist (hereinafter SUM) benefits. Two years later, the City sought to stay arbitration pursuant to CPLR article 75, solely on the grounds that a further independent medical examination (hereinafter IME) was required, that there was a pending federal action between the parties, and that Leach had signed a release. The Supreme Court denied that relief, and the parties continued with the arbitration.
After completion of discovery, multiple IMEs, and the arbitration hearing, but before the award was rendered, the City moved for leave to reargue that branch of the petition which was to permanently stay arbitration, asserting, for the first time, that pursuant to Matter of State Farm Mut. Auto. Ins. Co. v Fitzgerald (25 NY3d 799), there was no coverage and thus, no agreement to [*2]arbitrate. The Supreme Court denied the motion, among other things, on the ground that it was based upon an argument not made on the prior motion. An arbitration award was issued on November 28, 2018, in favor of Leach.
Leach thereafter moved to confirm the award. The City cross-moved to vacate the award, asserting, inter alia, that the arbitrator exceeded her power in issuing an award in favor of Leach because pursuant to Fitzgerald, the police vehicle he was operating at the time of the accident was not covered by the SUM endorsement, and thus, there was no agreement to arbitrate. In an order and judgment dated April 1, 2019, the Supreme Court granted the motion to confirm the award, denied the cross motion to vacate the award, and confirmed the arbitration award. The City appeals.
An arbitration award may be vacated, as relevant here, where "a party's rights were impaired by an arbitrator who 'exceeded his [or her] power or so imperfectly executed it that a final and definite award upon the subject matter submitted was not made'" (Matter of Kowaleski [New York State Dept. of Correctional Servs.], 16 NY3d 85, 90, quoting CPLR 7511[b][1][iii]). "[A]n arbitrator 'exceed[s] his [or her] power' under the meaning of [CPLR 7511(b)(1)(iii)] where [the] 'award violates a strong public policy, is irrational or clearly exceeds a specifically enumerated limitation on the arbitrator's power'" (Matter of Kowaleski [New York State Dept. of Correctional Servs.], 16 NY3d at 90, quoting Matter of New York City Tr. Auth. v Transport Workers' Union of Am., Local 100, AFL-CIO, 6 NY3d 332, 336).
Here, contrary to the City's contention, the arbitrator did not exceed her power, or violate public policy, by rendering an award based on the issues of whether Leach suffered a serious injury under Insurance Law § 5102(d) and the extent of his damages, which were the only issues placed before her by the parties (see generally Matter of Fiduciary Ins. Co. v American Bankers Ins. Co. of Florida, 132 AD3d 40, 44). Having fully participated in the arbitration proceeding, the City cannot seek to vacate the award on the basis that there was no coverage and no agreement to arbitrate (see Matter of Commerce & Indus. Ins. Co. v Nester, 90 NY2d 255, 261-265; Matter of Infinity Indem. Ins. Co. v Hereford Ins. Co., 149 AD3d 1075, 1076-1077; Matter of North Riv. Ins. Co. [Morgan], 291 AD2d 230, 233).
Accordingly, the Supreme Court properly granted the motion to confirm the arbitration award, denied the cross motion to vacate the arbitration award, and confirmed the award.
CHAMBERS, J.P., HINDS-RADIX, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court